JOHN W. HALL vs. JOHN W. HERING, Administrator of SALLY A. MASTEN, deceased.

*Debt—Administrator—Action against—Debt due from Deceased—
Pleading—Plene Administravit, no Assets ultra—Effect of
the plea—Who must prove Assets—Effect of
Judgment—At Common Law—Rule in
this Country.*

At common law a judgment against an executor or administrator for a debt due from the deceased, was conclusive upon the executor or administrator that he had assets to satisfy the judgment. But the prevailing rule in this country seems now to be that the effect of such a judgment is only to establish the validity of the debt, or make the same a lien on the real estate of the deceased and is not personally binding upon the administrator.

(*October 6, 1904.*)

LORE, C. J., and GRUBB and PENNEWILL, J. J., sitting.

*Edward D. Hearne* and *C. W. Cullen* for plaintiff.

*Charles F. Richards* for defendant.

Superior Court, Sussex County, October Term, 1904.

ACTION OF DEBT (No. 55, October Term, 1901) on a joint and several bond for $250 executed by Sally A. Masten and Hezekiah Masten on the 14th day of October, 1897, to John W. Hall, the plaintiff.

The pleas were *non est factum*, payment, accord and satisfaction, release, set-off, *plene administravit no assets ultra*, and act of limitations. Reps and issues.

At the trial the plaintiff proved the due execution and delivery of said bond by the obligors therein to himself, also a promise by Hezekiah Masten (now deceased) as administrator of Sally A. Masten, to pay the same, but that same had not been paid, and after offering said bond in evidence and proving a credit of $15 for interest on the same, plaintiff rested.

Defendant's counsel thereupon moved for a nonsuit because under the plea of plene administravit no assets ultra, pleaded by the plaintiff, the plaintiff was bound to prove assets in the hands of the defendant, which he failed to do.

Counsel for the plaintiff replied, contending that the said plea was inapplicable to a suit upon a judgment against the deceased party but was only applicable in a suit against an administrator on his administration bond. He therefore moved to withdraw his replication to the said plea and to strike out the plea as immaterial.

PENNEWILL, J.:—We feel that we would like to have further time to consider this matter. We decline to grant the nonsuit, but you may present the matter later to the Court in your prayers.

Counsel for defendant stated that he had no evidence to offer and thereupon presented a prayer to the Court that they instruct the jury to render a verdict in favor of the defendant on the same ground as stated in the above motion for a nonsuit.

*7 Amr. & Eng. Ency. of Law, 384; 2 Greenleaf on Evidence, Sec. 346; Bentley vs. Bentley, 7 Cowen, 701; Mara vs. Quin, 6 Term Report, 1–10; 3 Williams on Executors, 1965; Woods &*

*Quigg vs. Beckley, 1 Harr., 142; Fowler vs. Sharp, 15 John-son, 323.*

PENNEWILL, J., charging the jury:

Gentlemen of the jury:—This is an action of debt brought by John W. Hall against John W. Hering, administrator d. b. n. c. t. a of Sally A. Masten, deceased, for the recovery of the sum of $250, together with interest thereon from the 14th day of October, 1897; said sum being the real debt of a joint and several judgment bond given by Sally A. Masten and Hezekiah Masten to the said John W. Hall, dated the 14th day of October, 1897. Said Sally A. Masten, one of the obligors in the bond, having died, the present suit was brought against her administrator, John W. Hering, by John W. Hall, the obligee in the bond. The bond has been admitted in evidence, and its execution and delivery are not denied.

We are asked, however, by the defendant in this case to instruct you to render a verdict in favor of the defendant, because under the plea of *plene administravit no assets ultra*, pleaded by the defendant, the plaintiff was bound to prove assets in the hands of the defendant which he failed to do.

We decline to instruct you as requested by the defendant.

There were other pleas filed in the case in addition to the plea which we have mentioned, such as *non est factum*, payment, etc. It is true that at common law a judgment against an executor or administrator in such a case as the one at bar would have been conclusive upon the administrator that he had assets to satisfy the judgment, But the prevailing rule in this country seems now to be that a judgment for the plaintiff in a suit against an executor or administrator on a claim against the estate of the deceased only establishes the validity of the claim, and must be made payable in the due course of administration.

*8 Ency. Pl. and Prac., 689,* and cases cited.

Quoting from the same authority, page 693, "The modern rule seems to be that under the system of administration in this

country such judgment does not usually fix the defendant with assets but merely operates to establish the debt." ( See also *8 Ency. Pl. and Prac., 687.*)

We are of the opinion that the plea of *plene administravit no assets ultra* is inapplicable to the present action, and we instruct you that you should disregard it. It would be a different case if the action were against the administrator for a breach of his administration bond. Such was the case in State use of *Woods and Quigg vs. Nathan Buckley, 1 Harr. 142,* where the Court said, "It is not the duty of the defendant to show he had no assets but of the plaintiff to show he had. If assets be shown the defendant must prove that he has administered them." But when the suit is against the administrator for a debt due an individual from the intestate, the purpose and effect of the judgment can only be to establish the debt, or make the same a lien on the real estate of the deceased and is not personally binding upon the administrator.

Upon the other pleas above mentioned the plaintiff also joined issue and the plaintiff having failed to introduce any evidence in support thereof we direct you to return a verdict in favor of the plaintiff for the real debt of the bond sued upon, together with the interest from the 14th of October, 1898, to wit, $339.71.

Verdict for plaintiff for $339.71.