## M. KAHN & BRO. v. BLEDSOE.

### No. 576, Ind. T.   Opinion Filed November 23, 1908.

### (98 Pac. 921.)

1.  **BANKRUPTCY—Class of Creditors—How Determined.** Creditors of a bankrupt and their claims against his estate are respectively of the same class when the creditors are entitled to receive thereon the same percentage of dividends from the bankrupt's estate.

2.  **SAME—Who Are "Creditors"—Surety on Obligation—Preferences.** A surety on an obligation of a bankrupt is a "creditor" under Bankr. Act 1898 (Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418]); and, when he has received from the bankrupt, within four months next preceding the filing of the petition for adjudication in bankruptcy, while the bankrupt is insolvent, a preference on an open account due by the bankrupt to him, such surety will not be allowed his claim for the amount paid after the adjudication by him as surety in discharge of the obligation of the bankrupt principal, unless he returns to the trustee the preference received by him upon the open account.

(Syllabus by the Court.)

*Appeal from the United States Court for the Southern District of the Indian Territory; Hosea Townsend, Judge.*

Application of M. Kahn & Bro. for an allowance of a certain sum by J. F. Bledsoe, trustee in bankruptcy of J. N. Barral. From an order refusing the allowance, M. Kahn & Bro. appeal. Affirmed.

This matter grows out of the application of M. Kahn & Bro., appellants, plaintiffs below, for the allowance by J. F. Bledsoe, trustee in bankruptcy, in the matter of J. N. Barral, bankrupt, of the sum paid by appellants on account of security debts of the said J. N. Barral. A petition in bankruptcy was filed in the United States Court·for the Southern District of the Indian Territory at Ardmore against J. N. Barral on January 9, 1904. On the 24th day of the same month he was adjudicated a bankrupt. On the 15th day of February, 1904, appellants presented their claim for allowance, which was resisted, and the same was

tried before the court on the 13th of June, 1904, upon an agreed statement of facts. The facts are brief, and will be stated in the language of the agreed statement upon which the case was tried, which is in the following words:

"It is agreed that M. Kahn & Bro. paid off the three notes above described, after the said J. N. Barral was adjudged a bankrupt. It is agreed that the indebtedness represented by the said notes was the indebtedness of J. N. Barral, and while the said M. Kahn & Bro. signed the same as principals, they were the sureties of J. N. Barral thereon. It is further agreed that the said J. N Barral was indebted to M. Kahn & Bro. on open account, $819.92, at the time of the filing of the petition in bankruptcy herein, and that said M. Kahn & Bro. had received of the said J. N. Barral, within the period of four months preceding the filing of the petition in bankruptcy herein against him, the sum of $2,400 upon current account while insolvent. It is agreed that there shall be submitted to the Hon. Hosea Townsend, judge of the United States Court, in bankruptcy, the question of whether or not the said M. Kahn & Bro., being disqualified to prove up their claim for $819 without refunding the money received by them, may prove up the money paid by them above set forth on account of notes signed by them as surety for J. N. Barral. It is agreed that said question shall be submitted to the Hon. Hosea Townsend as above set forth upon this agreed statement of facts, upon the briefs to be filed by Messrs. Potterf & Bowman, attorneys for M. Kahn & Bro., and by Ledbetter & Bledsoe, attorneys for Wertheimer-Swarts Shoe Co., and other creditors who have not received any preferences, and whose claims have been allowed."

The court disallowed the claim of appellants, and rendered judgment accordingly, from which an appeal was taken to the United States Court of Appeals of the Indian Territory, and the case is now before this court under the provisions of the Enabling Act for final disposition (Act June 16, 1906, c. 3335, 34 Stat. 267).

*Potterf & Bowman*, for appellants.
*Ledbetter & Bledsoe*, for appellee.

HAYES, J. (after stating the facts as above). The sole question presented by the record in this case is whether one who is

surety upon a promissory note for a bankrupt debtor, and who, after the principal has been adjudicated a bankrupt, pays off such note, can prove up such note against the estate of the bankrupt and receive dividends thereon, when such surety was also a creditor of the bankrupt, upon an open account, and had received preferential payments thereon within four months next preceding the time of the filing of the petition in bankruptcy while the debtor was insolvent. The provisions of Bankr. Act July 1, 1898, c. 541, 30 Stat. 562 (U. S. Comp. St. 1901, p. 3445), govern in this case. Section 60-a of this act defines what constitutes a preference in the following language:

"A person shall be deemed to have given a preference, if, being insolvent, he has, within four months before the filing of the petition, or after the filing of the petition and before the adjudication, procured or suffered a judgment to be entered against himself in favor of any person, or made a transfer of any of his property, and the effect of the enforcement of such judgment or transfer will be to enable any one of his creditors to obtain a greater percentage of his debt than any other of such creditors of the same class."

The intent of the debtor or creditor, or the knowledge of the creditor of the insolvency of the debtor, constitutes no material part of the transaction by which a creditor may be preferred. If the insolvent debtor transfers any of his property while insolvent, and such transfer enables the creditor to whom the same is transferred to obtain a greater percentage of his debt than any other creditor of the same class, such transfer is a preference. *Gans v. Ellison et al.*, 114 Fed. 737, 52 C. C. A. 366; *Wilson v. Nelson*, 183 U. S. 191, 22 Sup. Ct. 74, 46 L. Ed. 147; *Pirie v. Chicago Title & Trust Co.*, 182 U. S. 438, 21 Sup. Ct. 906, 45 L. Ed. 1171.

Section 57-g of the act declares what the effect of receiving preferences by a creditor shall be upon the right of such creditor to have allowed his claim against the bankrupt estate. Said section reads as follows:

"The claims of creditors who have received preferences, voidable under section sixty, subdivision 'b,' or to whom conveyances, transfers, assignments, or incumbrances, void or voidable under section sixty-seven, subdivision 'e,' have been made or given, shall not be allowed unless such creditors shall surrender such preferences, conveyances, transfers, assignments or incumbrances."

The United States Circuit Court of Appeals of the Eighth Circuit held, in *Swartz v. Fourth National Bank of St. Louis,* 117 Fed. 1, 54 C. C. A. 387, that the legal effect of this section is to prohibit the allowance of any claim of a creditor who has received a preference either upon the claim which he seeks to have allowed, or upon any other claim of the same class he holds against the estate of the bankrupt, unless such creditor first surrenders the preference he has received. In the case at bar appellants were creditors of the bankrupt by virtue of his indebtedness to them upon an open account on which claim it is admitted they had received a preferential payment within four months preceding the filing of the petition in bankruptcy. It, therefore, remains to be determined whether appellants were creditors of said bankrupt by reason of their being sureties on the notes payable, respectively, to H. Aaronson, trustee, and the First National Bank of Gainsville, and whether the claim of appellants on said notes, after they had paid the same to the holders thereof, were of the same class as their claim upon the open account.

It has been repeatedly held by the courts that a surety is a creditor of his bankrupt principal, and that he is such creditor before default and from the date of signing the note. *In re Slout* (D. C.) 109 Fed. 794; *Livingstone v. Heineman,* 120 Fed. 786, 57 C. C. A. 154; *Swartz v. Siegel,* 117 Fed. 13, 54 C. C. A. 399. The facts in the last case cited are very similar to the facts in the case at bar, and the pronouncement of the court of the law in that case should govern in this case. In that case the Fourth National Bank of St. Louis held notes of the bankrupt principal, on which Siegel & Bro. were sureties, and on which the bank had received preferential payments. Subsequent to the ad-

judication of the principal as a bankrupt Siegel & Bro. discharged the notes by paying to the Bank the balance due thereon, and then sought to have their claim allowed in the bankruptcy proceeding for the amount paid by them in settlement of the balance due on the notes. Siegel & Bro. had also been creditors upon an open account of the bankruptcy within the four months preceding the institution of the bankrupt proceedings, which account had been settled in full by preferential payments. The court denied the right of Siegel & Bro. to have allowed their claim for the balance paid on the notes of the bankrupt to the bank, both upon the ground that the bank, as holder of the same, had received a preference, and, under section 57-i of the Bankrupt Act of 1898 upon the payment by them of said notes, they became subrogated to the rights of the holder thereof, subject to the limitations and disqualifications attached to the note in the hands of the bank and upon the further ground that the claimants had received a preference upon their open account with the bankrupt, and it was the order of the court that Siegel & Bro.'s claim be not allowed unless they should repay to the trustee, not only the amount of the preferential payments made by the bankrupt to the bank on the notes, but also the amount of the preferential payment received by them upon the open account.

Able counsel for appellants have exhaustively discussed in their brief the rights of a surety, by payment of his principal's obligation after the principal has been adjudicated a bankrupt, to become subrogated to the rights of the holder of such obligation, and have insisted that the surety, upon making such payment, takes the claim subject only to the limitations and disqualifications of the same in the hands of his predecessor. But the Circuit Court of Appeals in *Swartz v. Siegel et al., supra,* has decided against this contention, to the extent that it was held in that case that a surety could not be allowed his claim on such obligation if either the holder had received preferential payments on the note, or the surety had received preferential payments on other indebtedness of

the same class due by the bankrupt to the surety. The test of classification of creditors is declared by the court in its syllabus to *Swartz v. Fourth National Bank, supra,* in the following language:

"The test of the classification of creditors under the bankrupt act of 1898 is the percentage of their claims they are entitled to draw out of the estate of the bankrupt, and not the relations of the creditors to parties other than the bankrupt. If they are entitled to receive the same percentage, they are in the same class; if different percentages, in different classes."

The appellants in the case at bar as creditors of the bankrupt were entitled to receive from his estate the same per centage on their open account, if no preference had been given them thereon, as the holders of the notes would have been entitled to receive if they had continued to hold the notes and prove up the same before the trustee, and had not received a preference thereon; and, had there been no preference, and if nothing had transpired to disqualify appellants to prove up their claims upon the open account, and as sureties on the notes after they had discharged the same, they would have been entitled to receive the same percentage of dividends on their two claims. The appellants, therefore, were not entitled to have allowed their claim on the amount paid by them on the notes unless they first surrendered the preference received by them on the open account.

The judgment of the trial court is affirmed.

All the Justices concur.