FAWCETT *et al.* v. McGAHAN-McKEE LUMBER CO.

No. 1998.   Opinion Filed February 11, 1913.

Rehearing Denied August 6, 1913.

(134 Pac. 388.)

1.   **EXECUTORS AND ADMINISTRATORS**—Foreclosure of Mortgage—Death of Mortgagor—Presentation of Debt.   In order to foreclose a mortgage upon real estate of a decedent, it is not necessary that the indebtedness thereby secured be presented in the administration proceedings; but on such a foreclosure the balance remaining unpaid shall not be a claim against the estate, unless the indebtedness was presented in the usual form.   Section 5277, Comp. Laws 1909 (Rev. Laws 1910, sec. 6338).

2.   **MORTGAGES**—Absolute Deed as. Mortgage.   When a deed is intended as a mortgage, it is to be treated as a mortgage, under section 1196, Comp. Laws 1909 (Rev. Laws 1910, sec. 1156); and if it secures the indebtedness of a decedent it may be foreclosed, without presenting a claim in the administration proceedings, where no judgment is sought against the estate.

(Syllabus by Ames, C.)

*Error from District Court, Hughes County;*
*John Caruthers, Judge.*

Action by the McGahan-McKee Lumber Company against L. S. Fawcett and others.   Judgment for plaintiff, and defendants bring error.   Affirmed.

*L. S. Fawcett, in pro. per.*

*Warren & Miller,* for defendant in error.

Opinion by AMES, C.   The only question which requires attention is whether it is necessary for one who holds an indebtedness against the estate of a deceased person, which indebtedness is secured by a mortgage, to present his claim to the administrator, before bringing his action to foreclose.   This question must be answered in the negative, under section 5277, Comp. Laws 1909 (Rev. Laws 1910, sec. 6338), which, after providing that claims arising upon contracts must be presented within the time there specified, or be barred, says:

"Provided, further, that nothing in this section, nor in this act contained, shall be construed to prohibit the right or limit the time of foreclosure of mortgages upon real property of decedents, whether heretofore or hereafter executed, but every such mortgage may be foreclosed within the time and in the mode prescribed in civil procedure, except that no balance of the debt secured by such mortgage remaining unpaid after foreclosure shall be a claim against the estate, unless such debt was presented as required by this Code."

This statute is too plain to admit of argument. In this connection, see *Haynes v. City Nat. Bank,* 30 Okla. 614, 121 Pac. 182; *Brocker v. Stallard,* 34 Okla. 612, 126 Pac. 781; *Dreyfuss v. Giles,* 79 Cal. 409, 21 Pac. 840; *German Sav. & Loan Soc. v. Fisher,* 92 Cal. 502, 28 Pac. 591; *Hibernia Sav. & Loan Soc. v. Wackenreuder,* 99 Cal. 503, 34 Pac. 219.

The mortgage sought to be foreclosed was in the form of a deed, but was intended as a mortgage, and therefore it was proper to treat it as such for the purpose of foreclosure, under section 1196, Comp. Laws 1909 (Rev. Laws 1910, sec. 1156), which provides as follows:

"Every instrument purporting to be an absolute or qualified conveyance of real estate or any interest therein, but intended to be defeasible or as security for the payment of money, shall be deemed a mortgage and must be recorded and foreclosed as such."

The trial court ruled in accordance with these principles, and the judgment should therefore be affirmed.

By the Court: It is so ordered.