## COMMERCIAL INVESTMENT TRUST, Inc., v. HARSHA, Adm'r.

No. 15936—Opinion Filed Oct. 13, 1925.

Rehearing Denied Feb. 16, 1926.

**1. Executors and Administrators—Presentation of Claims by Creditors—Statutory Affidavit not Required Where Claim not Due.**

The first provision of section 1235, C. O. S. 1921, requiring creditors, when they file their claims against a decedent's estate, to file an affidavit stating that the amount claimed is justly due; that no payments have been made thereon which are not credited; that there are no offsets to the same to the knowledge of the claimant or affiant, has no application to a claim which is not due or is contingent at the time of such presentation.

**2. Same—Proper Presentation of Undue Claim.**

A claim against the estate of a deceased person, which is not due or is contingent, is sufficient if it fully advises the administrator or executor of the nature and amount of the demand and sets forth the particulars of such claim.

**3. Same—Rights to Sue Upon Disallowance of Claim.**

Where a claim, based upon undue or contingent liability, is properly presented to the executor or administrator for allowance and is rejected, the holder thereof may bring suit thereon in the proper court within two months after the same becomes due.

(Syllabus by Dickson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Muskogee County; Enloe V. Vernor, Judge.

Action by Commercial Investment Trust, Inc., a corporation, against Hoy Harsha, as administrator of the estate of C. B. How-

ell, deceased. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Morse & Tyson, for plaintiff in error.

R. M. Mountcastle, for defendant in error.

Opinion by DICKSON, C. This action was commenced by the plaintiff in error as plaintiff against the defendant in error as defendant, to recover upon a claim against the estate of C. B. Howell, deceased, of which the defendant, Hoy Harsha, is administrator.

The substantial averments of the plaintiff's petition are: That between the 17th day of November, 1922, and the 28th day of April, 1923, the deceased, C. B. Howell, sold and transferred to the plaintiff 52 conditional sales contract notes and guaranteed the payment thereof at maturity; that said notes were due and payable in monthly installments; that the said C. B. Howell agreed to collect said installments as they became due and transmit the same to the plaintiff at its office in New York; that on the 3rd day of May, 1923, the said C. B. Howell departed this life, and that the defendant, Hoy Harsha, was the duly appointed, qualified and acting administrator of the estate of said deceased; that afterwards and within the time fixed by law for the presentation of claims against the estate of said deceased, the plaintiff duly presented to the administrator its verified claim for the indebtedness sued upon, which claim was by said administrator rejected. The claim presented to the administrator is attached to and made a part of the petition and sets out in detail each of the transactions, showing the date and amount of each note, the amounts collected thereon and transmitted to the plaintiff by said C. B. Howell during his lifetime, and the several amounts yet to fall due upon said notes, and a copy of the written guaranty whereby said C. B. Howell agreed to collect the installments upon said notes when the same fell due, and transmitted the same to the plaintiff, and further agreed that in the event he failed to collect any of said installments he would upon demand repurchase the paper upon which said installments were not paid.

The plaintiff asks that its claim be allowed, and that the plaintiff be permitted to realize upon its security so far as possible, and credit the same upon the amounts due on said claim, and that the remainder thereof be paid out of said estate. The verification of said claim is as follows:

"J. C. Willingham, being duly sworn, deposes and says: That he is a member of the firm of Morse, Willingham & Tyson, who are attorneys for the claimant, Commercial Investment Trust, Incorporated; that said claimant is a nonresident corporation, and that the officers thereof are nonresidents of and absent from the state of Oklahoma; and that this verification is made by affiant for that reason; that affiant has made personal investigation and is familiar with the facts alleged in the claim, and that said facts are true to the best of his knowledge, information and belief. J. C. Willingham. Subscribed and sworn to before me this 14th day of September, 1923."

To this petition the defendant interposed a demurrer upon the ground that said petition did not state facts sufficient to constitute a cause of action. The trial court sustained the demurrer and the plaintiff elected to stand upon his petition, and from a judgment sustaining said demurrer and dismissing the case has duly appealed to this court.

The ground upon which the demurrer was sustained in the trial court is that the affidavit in support of the plaintiff's claim is insufficient under the first provision of section 1235, C. O. S. 1921, which provides that:

"Every claim which is due when presented to the administrator must be supported by the affidavit of the plaintiff, or some one in his behalf, that the amount is justly due, that no payments have been made thereon which are not credited, and that there are no offsets to the same to the knowledge of the claimant or affiant."

Section 1234, C O. S. 1921, provides 'that:

"All claims arising upon contracts * * * whether the same be due, not due, or contingent, must be presented within the time limited in the notice."

And section 1235, supra, provides that:

"If the claim be not due when presented or be contingent, the particulars of such claim must be stated."

We are of the opinion that the claim upon which this suit is based is controlled by the provision last quoted. The notes set out in said claim were not due, and the estate was only liable upon them in the event they were not paid by the makers thereof.

It is true that some of the installments upon these notes were due and payable, and that the plaintiff under the contract of guaranty might have required the deceased to repurchase these notes, but no demand to repurchase has been made, and the plaintiff seems to have waived that provision of the contract of guaranty.

Section 1240 provides that when a claim is rejected, "the holder must bring suit in

the proper court * * * against the executor or administrator within three months after the date of its rejection, if it be then due, or within two months after it becomes due, otherwise the claim is forever barred." And it has been held that the provision with reference to claims that are not due applies to contingent claims, for the reason that in the nature of things a contingent claim is not due and payable until the occurrence of the event upon which the contingency depends. Morse v. Steele (Cal.) 64 Pac. 690. The several items of the claim here presented not being due at the time the same was presented, and being contingent, the requirements of section 1235, supra, as to the presentation of such claims were fully complied with, when the claim was presented to the administrator setting forth the particulars of such claim.

It follows, therefore, that the judgment of the district court of Muskogee county should be reversed and remanded with directions to overrule the demurrer and reinstate the plaintiff's petition, and further proceed with this case in conformity with the views herein expressed.

By the Court: It is so ordered.

Note.—See under (1, 2) 24 C. J. p. 360, §1004 (Anno). (3) 24 C. J. pp. 384, §1066; 780, §1933.