## WRIGHT, Adm'x, et al. v. FARMERS NAT. BANK.

No. 15997—Opinion Filed Oct. 27, 1925.

Rehearing Denied Feb. 2, 1926.

**1. Judgment—Invalidity of Judgment Outside Issues.**

A judgment of the court which is outside of the issues in the case, and upon a matter not submitted to the court for its determination, is a nullity and not binding upon any party to the action.

**2. Executors and Administrators—Time for Presenting Claims — Deficiency After Mortgage Foreclosure.**

A claim for a deficiency remaining after the sale of personal property upon a judgment foreclosing a chattel mortgage must be presented to the administratrix for allowance within one month after the deficiency is ascertained.

**3. Judgment not Sustained.**

Record examined; held, to be insufficient to support judgment in favor of the plaintiff.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Kiowa County; T. P. Clay, Assigned Judge.

Action by Farmers National Bank of Oklahoma City on claim filed in estate of Wm. J. Wright, deceased. Claim allowed by County Court, and Mary Wright, administratrix, and other claimants appealed to District Court. Claim allowed by District Court, and appealed to Supreme Court by administratrix and other claimants. Reversed and demanded, with directions.

John T. Hays, for administratrix.

George L. Zink, for other lien claimants, plaintiffs in error.

Keaton, Wells & Johnston and Tolbert, Hunter & Tolbert, for defendant in error.

Opinion by STEPHENSON, C. This appeal involves the question of the procedure to be followed in causing a deficiency to be charged against the estate of a deceased, remaining after the sale of personal property under foreclosure of a chattel mortgage. The Farmers National Bank submits the proposition that proceedings had in the foreclosure of the chattel mortgage, from which the deficiency followed, excused the presentation of the deficiency as a claim to the administratrix for allowance. The administratrix insists that the claim is controlled by section 1234, Comp. St. of 1921, and that the section required the deficiency to be presented to the administratrix for allowance within the time provided by the section.

The disposition of the questions presented by the appeal depends upon statutes relating to the allowance of claims against the estates of decedents.

The Farmers National Bank, as defendant in error, relies upon the following conditions to excuse the necessity for the presentation of the deficiency to the administratrix for allowance: The Farmers National Bank commenced its action in the district court of Kiowa county against M. J. Head and Mary Wright, as administratrix of the estate of Wm. J. Wright, deceased, to foreclose a chattel mortgage. The substance of the allegations of the petition are:

(1) That Wm. J. Wright, in his lifetime, and M. J. Head, composing the partnership of Wright & Head, executed and delivered their chattel mortgage upon one engine and thresher, complete, mounted upon trucks, to secure payment of a note in the sum of $1,-175, as a part of the purchase price for the machinery.

(2) That Wm. J. Wright died on the 20th day of May, 1921, and that his wife, Mary Wright, was appointed as administratrix of his estate, and is now the acting administratrix of said estate.

(3) That the plaintiff presented the note as a claim to the administratrix for allowance within four months from the date of the notice to the creditors, and that the administratrix disallowed and rejected the claim.

(4) It was alleged that default was made in the payment of the note according to its terms, and that the plaintiff was entitled to a foreclosure of the mortgage covering the machinery.

The prayer of the petition was to the effect that plaintiff have and recover of M. J. Head and Mary Wright, as administratrix, the sum of $1,175, together with interest, costs, and attorneys' fees, and have a judgment foreclosing the chattel mortgage upon the property for the satisfaction of the judgment for the indebtedness. Thereafter, the cause came on for trial on the 15th day of December, 1921, which resulted in the following judgment:

(1) That the Farmers National Bank have and recover of M. J. Head and Mary Wright, as administratrix of the estate of Wm. J. Wright, deceased, the sum of $1,-175 with interest, costs and attorneys' fees.

(2) That the chattel mortgage upon the personal property be foreclosed, and the same sold as provided by law for the sale of personal property.

(3) That should any portion of the judgment remain unsatisfied after the sale of the property, that an execution run against the defendant M. J. Head.

(4) That if any part of the judgment remained unpaid after the sale of the personal property in the mortgage foreclosure proceedings, "that the same be allowed and adjudged as a claim against said estate."

No appeal was had from the foregoing judgment.

The plaintiff under the statutes was afforded the opportunity of selecting one of two courses of procedure in the foreclosure of the chattel mortgage: (1) By taking possession of the property and foreclosing the mortgage upon public notice as provided by statute. (2) By an equitable proceeding for the foreclosure of the mortgage. The mortgagee elected to follow the latter procedure. The purpose contemplated in law, of joining the administratrix as a party defendant, was to foreclose the interest of the administratrix and those she represented in the property. The court was without power to enter a money judgment against the administratrix in the foreclosure of the chattel mortgage. Section 1246, Comp. St. of 1921. The plaintiff alleged the presentation of the note as a claim against the decedent's estate to the administratrix for allowance, and further alleged that the administratrix disallowed the claim. This allegation was superfluous and foreign to any issue which was proper for joining between the parties.

The mortgagee might have elected in the first instance to disregard its chattel mortgage, and file the note as a claim against the estate. If the mortgagee had pursued the latter course, then it would have been necessary to present the claim to the administratrix for allowance, and if it had been disallowed, then commence an action for the allowance of the claim against the decedent's estate. The judgment thereon would not have been a money judgment against the administratrix, but a judgment either allowing or disallowing the claim as a charge against the estate. Section 1246, C. S. 1921.

It was not proper to join the administratrix in the action for the purpose of binding the estate for the payment of any deficiency, as it could not be known that a deficiency would exist until after the sale of the personal property under the mortgage foreclosure proceeding.

Section 1234, Comp. St. 1921, relates to the procedure to be followed in causing payment of a deficiency remaining after the sale of personal property in a mortgage foreclosure proceeding. That part of said section material to the question here reads in the following language:

"A claim for a deficiency remaining unpaid after a sale of personal property of the estate mortgaged or pledged, must be presented within one month after said deficiency is ascertained."

The language of the statute is plain and clear, and does not leave the procedure in relation to such claim to the discretion of the administratrix, or the court.

The judgment in the mortgage foreclosure proceeding went to the point of allowing a personal judgment for the amount sued for against both Head and Mary Wright, as administratrix of the decedent's estate. The judgment in this respect was beyond the power of the court to render, and did not bind the administratrix. At the time of the rendition of the judgment, it was not known that a deficiency would remain after the sale of the personal property, which might run against decedent's estate, as the property might bring the amount of the indebtedness, or the judgment, or deficiency be satisfied from an execution running against the defendant Head. If the defendant in error undertakes to look to the language "that the same be allowed and adjudged as a claim against said estate", as amounting to the allowance of a deficiency judgment against the estate of the decedent, the defendant in error must admit that the claim did not exist at the time the judgment was rendered. At most the judgment cannot be claimed to be more than an approval of a deficiency claim, if one should exist at some future time. The issue that might be involved in the trial of such a question did not exist in this case at the time such entry was made. The judgment in this respect presupposes that the property would not bring the amount of the judgment, and that any deficiency could not be collected on an execution against Head. If it be claimed that a judgment was entered approving a deficiency claim, it must be admitted that the claim was not yet in existence, and that the administratrix was not a party to the suit for such purpose. It must be admitted that no issue existed, or was submitted to the court for trial, in relation to the allowance of a deficiency claim. The judgment in this respect is not effective for the reason it was without issue, and was an attempt to adjudicate a subject-matter that was not yet in existence. The judgment was without the allegations of the petition. A judgment that is outside of the issues between the parties and the questions submitted to the court is not binding upon the parties. Winters v. Okla. Portland Cement Co., 65 Okla. 132, 164 Pac. 965; Roth v. Union Nat. Bank, 58 Okla. 604, 160 Pac. 505; Tile Guaranty & Surety Co. v. Foster, 84 Okla. 291, 203 Pac. 231.

The Farmers National Bank did not present a claim for the deficiency involved in this case to the administratrix for allowance. Therefore, the judgment of the county court in favor of the Farmers National Bank was in error, and the same condition applies to the judgment in the district court, from which the administratrix perfected an appeal to this court.

The defendant in error cites the case of In re Brennen (Calif.) 4 Pac. 561, as excusing the presentation of the deficiency claim to the administratrix for allowance. The case is not in point, for the reason that it did not involve a question kindred to the one presented here. It may be that this court would reach the same conclusion as was applied in the Brennen Case, if the same subject-matter was involved, but the question involved in the Brennen Case is quite different from the one presented here.

It is recommended that the cause be reversed and remanded, with directions that the claim be disallowed.

By the Court: It is so ordered.

Note.—See under (1) 33 C. J. p. 1139, §87. (2) 24 C. J. p. 336, §958. (3) 4 C. J. p. 1164, §3181.