**SULLIVAN, Adm'r, et al. v. SOUTHERN SURETY CO.**

No. 16677—Opinion Filed May 18, 1926.

**1. Executors and Administrators—Claims Against Estate—Affidavit by Agent.**

The provisions of section 1235, C. S. 1921, that the affidavit supporting a claim against a decedent's estate, when made by a person other than the claimant, must set forth in the affidavit why it is not made by the claimant, is satisfied by an affidavit that affiant is the duly authorized agent of the claimant, in the absence of any demand for further proof of affiant's authority.

**2. Same—Action Against Administrator not Barred.**

Record examined, and held, that the cause of action pleaded and proven in the instant case was upon a written contract and that the same was not barred by the statute of limitations.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Ottawa County; J. J. Smith, Judge.

Action by the Southern Surety Company, against Lloyd E. Sullivan, administrator of the estate of G. D. Sullivan, deceased, and Lem Argyle. Judgment for plaintiff, and defendants bring error. Affirmed.

Geo. T. Webster, for plaintiffs in error.

Arthur G. Croninger, for defendant in error.

Opinion by PINKHAM, C. This action was instituted by the Southern Surety Company, as plaintiff, against Lloyd E. Sullivan, administrator of the estate of G. D. Sullivan, deceased, and Lem Argyle, as defendants, in the district court of Ottawa county, to recover insurance premiums claimed to be due it from the firm of Sullivan & Argyle,

which firm, is alleged, consisted of G. D. Sullivan and Lem Argyle, the said G. D. Sullivan having died prior to the bringing of the action.

On June 18, 1920, after an administrator had been appointed for the estate of G. D. Sullivan, deceased, the plaintiff presented to and filed with the administrator, Lloyd E. Sullivan, its claim in the sum of $444.30. The said claim was not allowed by said administrator, neither was it specifically disallowed by him, but action thereon was withheld until the expiration of ten days, when by operation of law said claim was deemed rejected and disallowed.

The defendant Lem Argyle was not made a party in the original petition. Judgment was sought against Lloyd E. Sullivan, administrator, a summons was duly issued for the defendant administrator, and he was duly served with summons by personal service, the answer day being October 24. 1920. The said administrator defendant filed no pleading of any kind in said action, and on February 21, 1921, judgment was entered against him by default. On June 16, 1923, Lloyd E. Sullivan, administrator, filed his motion to vacate said judgment. On September 4, 1923, the motion to vacate was sustained, and on February 4, 1924, the plaintiff filed an amended petition by leave of court by adding the name of the defendant Lem Argyle as a partner of G. D. Sullivan, deceased. The defendant administrator objected to the action of the court allowing this amendment upon the ground that the petition could not be amended by adding the name of Lem Argyle, and thereby make a cause of action against the administrator and the surviving partner. The court overruled the objection and permitted the amended petition to be filed. to which the defendant administrator excepted.

On February 26, 1924. Lloyd E. Sullivan, administrator, demurred to the amended petition upon the grounds that the court had no jurisdiction of the action; that the petition failed to state a cause of action; and that the claim sued upon was barred by the statute of limitations. The court overruled this demurrer, to which the defendant Sullivan excepted, and, on April 15, 1924, said defendant filed his answer, which was a general denial, under oath. and challenge of the jurisdiction of the court, and pleading the statute of limitations. Plaintiff filed its reply by way of general denial to the affirmative matter set up in the defendant's answer.

The defendant Lem Argyle was served with summons as the surviving partner of Sullivan & Argyle, and he filed his answer by way of general denial, and claimed that the debt was barred by the statute of limitations. It is admitted that G. D. Sullivan and Lem Argyle were operating as partners prior to the death of the said G. D. Sullivan.

At the close of the trial the court made findings of fact and conclusions of law, to which exceptions were taken by the defendants. Judgment was rendered against said defendants in the sum of $444.30, as prayed for in plaintiff's petition. Each of said defendants filed his motion for a new trial, which was overruled and exceptions taken. Notice of appeal to this court was given by both defendants.

The contention of the defendant administrator, Lloyd E. Sullivan, is that the proof of claim against the estate of G. D. Sullivan, deceased, as presented by plaintiff company fails to conform to the requirements of the statute, and therefore is void.

The statute referred to, far as is material, is section 1235, C. S. 1921, which reads as follows:

"Every claim which is due when presented to the administrator must be supported by the affidavit of the claimant or some one in his behalf, that the amount is justly due, that no payments have been made thereon which are not credited, and that there are no offsets to the same. to the knowledge of the claimant or affiant. If the claim be not due when presented, or be contingent, the particulars of such claim must be stated. When the affidavit is made by a person other than the claimant, he must set forth in the affidavit the reason why it is not made by claimant. The executor or administrator may also require satisfactory vouchers or proofs to be produced in support of the claim. * * *"

In support of the proposition that the verification of plaintiff's claim is fatally defective, the defendant cites and relies upon the case of Burke v. Unger, 88 Okla. 226, 212 Pac. 993. In the case cited the affidavit to the claim made the basis of the action was as follows:

"Rufus B. Thompson. being duly sworn, on his oath says that the above and foregoing account against the estate of John P. Soliss, deceased, amounting to $3,502.60, together with 10 per cent. interest from the 15th day of August, 1912, is just. after allowing all just credits and offsets, and is now due and unpaid."

The court held in the cited case, supra,

that the affidavit quoted was fatally defective; that the petition did not state a cause of action, and did not arrest the running of the statute of limitations in a subsequent action.

The affidavit challenged in the instant case, which constitutes the proof of claim, is as follows:

"O. A. Wells, as duly authorized agent of Southern Surety Company, and on its behalf, being duly sworn, deposes and says: That the above claim against the estate of G. D. Sullivan, deceased, late of the county of Ottawa, state of Oklahoma, is justly due and owing to said Southern Surety Company; That no payments have been made thereon except such as are credited upon said claim, and that there are no offsets or counterclaim against the same to the knowledge of affiant, excepting as herein set out."

It will be observed that the affidavit held defective in the case relied upon was made by the affiant instead of the claimant without any explanation of why it was not made by the claimant. In the instant case it is apparent that the Southern Surety Company was not an individual, and that the affidavit must have been verified by some one authorized to do so. The affiant, Wells, states on oath that he is the duly authorized agent of the Southern Surety Company, and is acting on its behalf.

The argument is that the affiant, Wells, should have stated that the claimant was a corporation, and that he, as its agent, was empowered to make the affidavit of proof of claim.

We conclude that in the absence of any demand for further proof of his authority, the statement made by the affiant is sufficient. The case of Burke v. Unger, supra, is not applicable and affords no support to the proposition contended for.

In the case of Westinghouse Electric & Mfg. Co. v. Robinson, 42 Okla. 754, 142 Pac. 1105, it is said:

"The claim presented was a valid claim against the estate; no question was urged against its validity, other than the form of verification. The presentation and verification of the claim is only a procedure in the settlement of the estate and a substantial compliance with section 5278, supra (sec. 1235. C. S. 1921) is all that is required. Ample protection is afforded by this section against the allowance of illegal claims, in that provision is made that the administrator may require satisfactory vouchers or proof to be produced in support of the claim if he is dissatisfied. No such request was made."

The court found:

"That said claim, as presented and verified, was and is in substantial compliance with law and sufficient to challenge the attention of said administrator and to enable him to act advisedly thereon. That said claim, as presented to said administrator and as sued upon herein, is a valid claim against said estate and no defense has at any time been made on the merits thereon."

An examination of the record amply sustains these findings of the trial court.

In view of the fact disclosed by the record, that no defense was made upon the merits in the instant case, and that the plaintiff proved its debt by evidence which was not questioned in any degree, and that no question had ever been raised by the administrator, either as to the form or merits of the claim presented until three years after the presentation to him, we think the claim as presented and verified was in substantial compliance with the statute and sufficient to challenge the attention of the administrator and to enable him to act advisedly thereon.

Upon the second proposition presented by counsel for plaintiffs in error, it is contended that the claim in question was barred by the statute of limitations. The argument is that the original petition showed upon its face that the claim sued upon was a partnership debt, and that no attempt was made in the original petition to join the living partner, Lem Argyle, until after the statute of limitations had commenced to run against the claim.

It clearly appears that the original petition was not subject to attack, because it did not state a cause of action, but that the first judgment obtained was vacated because the petition and the default judgment disclosed that the surviving partner of G. D. Sullivan, deceased, had not been made a party defendant. The administrator's motion to vacate was in the nature of a demurrer for defect of parties. If the statute of limitations had run against the cause of action, no suit could be brought against the surviving partner. However, the cause of action accrued August 16, 1919, when the period expired for which the premium on the insurance policy should have been paid. The amended petition was filed February 4, 1924, and said surviving partner was made a party defendant; he was served with summons on February 4, 1924, and filed his separate answer on February 6, 1925, having obtained leave of court to file his answer to plaintiff's petition out of time, so that it will be

observed that five years had not elapsed from the time of the accrual of the cause of action, which was on August 16, 1919, when the period expired for which the premium on the insurance policy should have been paid, until the bringing of the suit against the defendant Lem Argyle.

The record discloses that a policy of insurance under the Workmens' Compensation Law of the state of Oklahoma was issued by the plaintiff company to Sullivan & Argyle, and that Sullivan & Argyle accepted the policy and its benefits, and submitted written reports called for by the terms of the policy. The record further discloses that the said partnership approved in writing a written audit of their account with the plaintiff.

Under the state of facts disclosed by the record, we are of the opinion that the court correctly concluded, as a matter of law, that the cause of action pleaded and proven by the plaintiff was upon a written contract, and that the same was not barred by the statute of limitations.

We think the judgment should be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 24 C. J. p. 360 § 1006.   (2) 24 C. J. p. 775 § 1923.