WILLIAM BEADENKOPF *v.* WILLIAM SCHWARTZ, Administrator D. B. N., C. T. A. of Benjamin J. Schwartz, deceased.

(*March* 8, 1932.)

HARRINGTON and RICHARDS, J. J., sitting.

*Aaron Finger* (of Richards, Layton and Finger) for plaintiff.

*James R. Morford* (of Marvel, Morford, Ward and Logan) for defendant.

Superior Court for New Castle County, Action. of debt on bond, No. 95, November Term, 1930.

RICHARDS, J., in delivering the opinion of the Court, among other things, said:

██ The defendant contends that the plaintiff cannot recover in this action because he failed to exhibit his demand against the estate of the deceased within one year from the original date of the granting of letters. This contention is based on *Section* 3398 of the *Code* of 1915, which is as follows:

"The register, on application, shall make and register an order directing an executor, or administrator, by advertisements, to be posted and published as specified in such order, to give notice of the granting of letters, and the date thereof, and to require all persons having demands against the deceased, to exhibit the same, or abide by the law in this behalf. * * * If an executor, or administrator, shall observe the directions of such order, and shall, after the expiration of one year from the granting of letters, without notice of a demand against the deceased, pay over the estate in his hands to the legatees, or distributees, such payment shall be good; and he may avail himself thereof, in bar of any demand, of which he had no notice at the time of payment, by a plea of fully administered."

Counsel for the defendant claims that this is a statute of non-claim, and that under its provisions all claims against the estate of a deceased person are barred unless presented within one year from the date of the granting of letters. A number of cases were cited in support of this argument, but an examination of them discloses that the statutes involved expressly stated that claims against the estate of a deceased party should be barred if not presented within the time named therein.

No case was referred to where the statute there considered was similar to that under consideration in the case now before the Court. *Section* 3398 of the *Code* does not apply to the estate of every deceased person, but only to those estates in which an order for notice is made by the Register of Wills; and it should be noted that the Register of Wills has no authority to make such an order except upon application. While not expressly stated, the inference to be gathered from the statute is that this application is made by the executor or administrator. As a matter of practice, it generally is made by the executor or administrator.

The order made by the Register of Wills to give notice of the granting of letters and to require all persons having demands against the deceased to exhibit the same, · is directed to the executor or administrator. The *Section* concludes with the provision, that if the executor, or administrator, shall observe the directions of the order for notice, and if he shall pay over the estate in his hands to the legatees or distributees of the deceased, after the expiration of one year from the date of the letters, "such payment shall be good and he may avail himself thereof, in bar of any demand of which he had no notice at the time of payment." Does it clearly appear that it was intended that the statute should do anything other than protect the executor or administrator?

It certainly cannot be said that it is similar to the statutes being construed in the cases cited by counsel for the defendant. The language used cannot be interpreted to mean that it creates a general bar to all claims against the estate of the deceased not presented within one year from the date of the letters. On the other hand, the words used indicate that the intention of the lawmakers was to protect the executor or administrator. A judgment recovered under such circumstances is a judgment against any assets belonging to the estate which may. be located, but is not binding upon the executor or administrator. *Hall v. Hering, 5 Penn.* 111, 63 *A.* 576.

The defendant cited 3 *Schouler, Wills, Executors and Administrators* (*6th Ed.*), § 2884, for the proposition that claims against the general assets, for a deficiency after the foreclosure of a mortgage, must be presented where there is a statute requiring the presentation of other claims.

In support of this the author gives the single case of *Fawcett v. McGahan-McKee Lumber Co.*, decided by the Supreme Court of Oklahoma in 1913 and reported in 39 *Okl.* 68, 134 *P.* 388. But the statute which was before the Court in that case expressly provided that the balance of the debt secured by a mortgage, after foreclosure thereof, should not be a claim against the estate unless the debt was presented as required thereby. The Court said that the statute was too plain to admit of argument.

The further argument was made, that to allow the plaintiff to recover in this case would affect titles to real estate. In this connection it was pointed out that real estate which belonged to the deceased at the time of his death, might be subject to sale for the payment of his debts even after it had been acquired by third parties.

Because of the general rule that the estate of a deceased person, both real and personal, is liable for the payment of his debts, that this is usually true when real estate previously belonging to him is acquired from his heirs or devisees must be conceded. See *Cohen v. Tuff*, 4 *Boyce* 188, 86 *A.* 833, *Ann. Cas.* 1917C, 596.

But this question is not for the consideration of the executor or administrator, who has no jurisdiction over the real estate of the deceased unless he is required to sell it for the payment of his debts. As stated above, a judgment obtained upon facts such as the Court has before it in this case, is a judgment against assets and the obligation is placed upon the plaintiff therein to find sufficient assets to satisfy it, if there are any such assets.

If he should attempt to seize real estate in the hands of innocent third parties which for any reason was not

liable for the debt, it would then be incumbent upon the owners to deny his right to do so. Whether, however, applying the principles announced by the Supreme Court in *Cohen v. Tuff,* 4 *Boyce* 188, 86 *A.* 833, *Ann. Cas.* 1917C, 596, *supra,* they would have any defense to such seizure might be another matter.

That the plaintiff is entitled to judgment for the balance due on his bond, with interest, therefore, seems clear.

Let judgment be entered accordingly.

NOTE.—See, also, *Hoffecker v. D'Alonzo,* 18 *Del. Ch.* 298, 159 *A.* 372.