## TIMMONS. Ex'x, v. HANNA CONST. CO.

No. 24803.   April 16, 1935.

Rehearing Denied March 3, 1936.

J. Wilford Hill and Ira A. Hill, for plaintiff in error.

Everett Petry and E. W. Snoddy, for defendant in error.

PER CURIAM. This is an action brought by the defendant in error, hereinafter called plaintiff, against the plaintiff in error, hereinafter called defendant, in the district court of Woods county, Okla., to recover the sum of $4,445.73, which the plaintiff had been required to pay to the First National Company of Tulsa, Okla., as the balance remaining after the foreclosure of a real estate mortgage and sale of the property.

The case was tried on a stipulation, and judgment rendered March 29, 1933, in favor of the plaintiff. Defendant's motion for new trial was overruled, and the appeal taken to this court.

The stipulation shows the following facts:

On October 4, 1927, Hanna Construction Company, a corporation, by warranty deed conveyed to Samuel C. Timmons certain real estate in Tulsa county, Okla., which was subject to a first mortgage of $6,000 to the First National Company, of Tulsa, Okla., and, under the terms of the deed, Timmons assumed and agreed to pay said indebtedness. The indebtedness was due and payable on March 15, 1930. Timmons died testate in April, 1929, and on April 29, 1929, Della M. Timmons was appointed executrix of his estate by the county court of Woods county, Okla., qualified as such, and on April 29, 1929, gave legal notice to creditors of said estate to present their claims within four months thereafter or the same would be forever barred. No claim was filed with said executrix by either the First National

Company of Tulsa or the Hanna Construction Company during the four months' time specified in said notice.

That the said mortgage obligation of $6,000 was not paid when it became due, and on October 18, 1930, the First National Company filed suit in the district court of Tulsa county, Okla., against Hanna Construction Company, a corporation, Della M. Timmons, executrix of the last will and testament of Samuel C. Timmons, deceased, Della M. Timmons, individually, Margaret Lois Huston and B. M. Huston, her husband; Della M. Timmons, widow, and Margaret Lois Huston, daughter, being the heirs and devisees under the said will. No relief was sought against the executrix and the heirs other than to foreclose and bar them from any interest in the real estate. Hanna Construction Company filed an answer, but asked no relief as against the executrix and the heirs. The executrix and the heirs did not make any appearance in the action. On December 16, 1930, judgment was rendered in the action in favor of the plaintiff and against Hanna Construction Company for the amount due and for foreclosure and sale of the real estate. An order of sale was issued June 18, 1931, and the premises were sold by the sheriff of Tulsa county on July 21, 1931, to the First National Company of Tulsa for $3,500, which was credited on the judgment, and on August 17th, Hanna Construction Company paid to the First National Company the amount of the deficiency in the sum of $4,445.73. On August 22, 1931, Hanna Construction Company presented to the executrix its claim, a copy of which is attached to the petition and stipulation, and is the basis of this action. The executrix failed and refused to allow the claim, and on September 30, 1931, this action was instituted.

The defendant advances two reasons for reversal of the case.

First. That the form and proof of the claim was insufficient.

Second. That a claim against an estate arising upon contract entered into subsequent to the adoption of section 1234, C. O. S. 1921, is barred by the statute of nonclaim, if not presented to the representative of the estate within the four-month period limited in the notice to creditors, whether such claim be then due, not due, or contingent, or be for the balance of a debt secured by a mortgage upon real property unpaid after foreclosure.

Plaintiff contends that it was not a credi-

tor and that it had no present provable claim until the mortgage property had been exhausted and the plaintiff had been called upon to pay and had paid the deficiency.

We will first consider the contention of the defendant that the form and proof of the claim were insufficient. The defendant quotes 1234, C. O. S. 1921 (sec. 1233, O. S. 1931), and then quotes the affidavit attached to the claim which was in the following language:

"H. E. Hanna, being first duly sworn, on his oath, states: That he is president of the Hanna Construction Company, the claimant above named, and the general manager thereof, and familiar with its books and accounts. That he has read the above and foregoing claim and the matters and things therein stated are true and there is due and owing to said claimant the said sum of $4,445.73, after allowing all just credits, counterclaims, or offsets."

Under the holdings of this court in the cases of Hamilton v. Blakeney, 65 Okla. 154, 165 P. 141; Sullivan v. Southern Surety Co., 118 Okla. 73, 246 P. 611; Westinghouse Electric & Mfg. Co., v. Robison, 42 Okla. 754, 142 P. 1105, the form and proof of the claim was sufficient.

The second ground urged by the defendant for reversal requires more thorough consideration. Section 1234, C. O. S. 1921, which is section 1233, O. S. 1931, on which the defendant relies, is as follows:

"1234. Claims not Presented in Time Allowed. If a claim arising upon a contract heretofore made be not presented within the time limited in the notice, it is barred forever, except as follows: If it be not then due, or if it be contingent, it may be presented within one month after it becomes due or absolute; if it be made to appear by the affidavit of the claimant, to the satisfaction of the executor or administrator and the judge of the county court, that the claimant had no notice as provided in this article, by reason of being out of the state, it may be presented at any time before a decree of distribution is entered; a claim for a deficiency remaining unpaid after a sale of property of the estate mortgaged or pledged must be presented within one month after such deficiency is ascertained. All claims arising upon contracts hereafter made, whether the same be due, not due or contingent, must be presented within the time limited in the notice; and any claim not so presented is barred forever; Provided, however, that when it is made to appear by the affidavit of the claimant, as above provided, that he had no notice by reason of being out of the state, it may be presented as therein provided: Provided, further, that nothing in this section, nor in

this chapter contained, shall be construed to prohibit the right or limit the time of foreclosure of mortgages upon real property of decedents, but every such mortgage may be foreclosed within the time and in the mode prescribed by Civil Procedure, except that no ba'ance of the debt secured by such mortgage remaining unpaid after foreclosure shall be a claim against the estate, unless such debt was presented as required by this Code."

It is the contention of the defendant that the last part of the foregoing section beginning with, "all claims upon contracts hereafter made, whether the same be due, not due or contingent", required presentation of the plaintiff's claim to the executrix within the four months time allowed for presentation of claims, and that as the claim was not presented within that time, it is forever barred. The plaintiff's contention is that it had no claim until after the foreclosure sale of the property, and hence could not have presented a claim until after that time, and that the above-quoted statute does not apply to the situation which exists here, and that its claim could be presented and suit maintained after the amount of the deficiency had been ascertained.

The following language is taken from the opinion in the case of Winans v. Hare, 46 Okla. 741, 148 P. 1052:

"There are, perhaps, but few principles of law better settled than that when a purchaser buys real estate, which is incumbered, and assumes the mortgage, he becomes as to the vendor the principal debtor and his vendor becomes secondarily liable."

The case of Harden v. American First National Bank, 154 Okla. 11, 6 P. (2d) 1060, states that the purchaser of mortgage-incumbered land who assumes and agrees to pay the mortgage indebtedness becomes, as to the vendor, the principal debtor and vendor becomes his surety.

The case of Sawyer v. Bahnsen et al., 102 Okla. 41, 226 P. 344, holds to the same effect.

Then, as between plaintiff and Timmons, Timmons was the principal debtor and the plaintiff was his surety. The creditor, the First National Company, could have proceeded against either the plaintiff or Timmons or both. Sigmon v. Rorabaugh-Brown Dry Goods Co., 110 Okla. 17, 235 P. 921. The First National Company could have presented its claim to the defendant executrix for the full amount of the debt at any time after her appointment and qualifications as such up to the time the four-month notice to creditors had run. The

whole debt was owing by Timmons; it was not contingent. He had assumed and agreed to pay it and was primarily liable for its payment. The First National Company, therefore, had a provable claim against his estate for the full amount of the obligation.

The plaintiff, as Timmons' surety, had the right to demand of the First National Company that the claim be presented against the Timmons estate after Timmons' death. If the First National Company neglected or refused to present the claim within the four months' time allowed for so doing, the plaintiff itself had the right to present a claim against Timmons' estate. In the case of M. Kahn & Bro. v. Bledsoe, 22 Okla. 666, 98 P. 921, 132 Am. St. Rep. 665, it is said:

"It has been repeatedly held by the courts that the surety is creditor of his bankrupt principal, and that he is such creditor before default and from the date of signing the note."

The same rule should apply to a surety for a deceased person, and we hold that it does.

At page 242 of 50 Corpus Juris, it is said:

"Whether a surety is deemed to be a creditor of his principal from the date of his suretyship or from the date of his payment of the debt depends very much upon the character of the remedy or redress he may seek. While many of the rights of a surety depend upon payment by him, he possesses many before payment; and such rights have their inception as soon as he executes the instrument, and are fixed by the law in force at that time. Thus, although in some cases the contrary has been asserted, it is generally held that the relation of debtor and creditor exists between the principal and surety from the time the contract of suretyship is made."

The surety perhaps might not have had the right to maintain an action on the contract, at least until the debt was due or until the happenings of some event which might prejudice his interest, but, upon the death of his principal, he had the right to protect his interest by presenting to the executrix a claim against the estate of decedent for the full amount of the obligation.

If the executrix refused to allow the claim, an action could have been maintained to require its allowance, and there could have been no question as to the right to require allowance of the claim, had one been presented within the four-month period allowed for presenting claims.

It is, therefore, concluded that as no claim

was presented within the time required by statute for presenting claims, the claim of the plaintiff was forever barred and this cause must be reversed.

Some of the authorities relied on by the plaintiff should be further noticed. Some of those authorities appear to hold that a claim, which did not exist prior to the time when the period for presenting claims had elapsed, could be presented and allowed after that time. Such authorities are not in point, for the plaintiff's claim was in existence as a valid and subsisting debt against Timmons during his lifetime and against his estate immediately upon his death. The plaintiff presented four Oklahoma cases as supporting its position: Wright v. Farmers' Natl. Bank, 116 Okla. 74, 243 P. 512; O'-Neill v. Lauderdale, 80 Okla. 170, 195 P. 121; Harmon v. Nofire, 131 Okla. 1, 267 P. 650; Harmon v. Hines, 160 Okla. 120, 16 P. (2d) 94.

The Wright Case holds that a claim for deficiency remaining after sale of personal property upon judgment foreclosing chattel mortgage must be presented to the administratrix for allowance within one month after the deficiency is ascertained. The case would seem to be in point, if the court in making that holding had not quoted as the reason for the holding that part of section 1234, C. O. S. 1921, which is as follows:

"A claim for deficiency remaining unpaid after sale of property of the estate mortgaged or pledged must be presented within one month after such deficiency is ascertained."

That part of the statute follows the provision for taking care of claims "heretofore" made, and there is no such provision as to claims "hereafter made".

The same is substantially true of the other three Oklahoma cases relied upon by the plaintiff. The "heretofore" part of the statute is either quoted or the language of the opinion shows that it was relied upon.

The Harmon Cases were equitable cases to recover from the heirs of a decedent on a warranty upon the theory that the heirs had received property which in good conscience should have gone to the warrantee. We think they are not in point.

More weight might be given to those cases had not this court, in the case of Fluke v. Douglass, 158 Okla. 300, 13 (P. (2d) 210, opinion by Justice Riley, recognized distinction between claims made before the enactment of the statute and those made thereafter. This language was used:

"(3, 4). Plaintiffs in error cite section 1234, C. O. S. 1921, as authority for presenting a claim for a deficiency remaining unpaid after a sale of property of the estate mortgaged or pledged within one month after such deficiency is ascertained. But that part of the section relied upon applies only to claims arising upon a contract made before the enactment of that section. The latter part of the section provides: 'All claims arising upon contracts hereafter made, whether the same be due, not due or contingent, must be presented within the time limited in the notice; and any claim not so presented is barred forever.' "

The North Dakota Supreme Court, in the case of Johnson v. Larson, 216 N. W. 895, uses the following language with reference to the same provision in their statute:

"On the face of this statute there is an apparent inconsistency, unless we regard two words as having been used for a definite purpose. The forepart of the statute professes to bar all claims not presented within the time specified in the notice, except claims which are not due or contingent, and as to them it provides that they may be presented within one month after they become due or absolute. The latter part of the same section professes to bar all claims, whether the same are due, not due, or contingent. The apparent repugnancy is avoided by the adverbs 'heretofore' and 'hereafter' so that as to contracts 'heretofore' made the limitation is prescribed in the forepart of the statute; but, as to those 'hereafter' made it is contained in the latter part. 'Heretofore' and 'hereafter' in this connection clearly, we think, have reference to the time of the passage of the statute, so that any contingent claim, or one not yet due upon a contract made before the passing of the statute, would be limited according to the first part of the statute; and contracts hereafter made according to the second part. The contract, in question, was, of course, made after the passage of the statute, and a claim arising thereon, though contingent, is barred by force of the unambiguous language employed."

We think this case must be decided according to the rule announced in the case of Stuart v. Westerheide et al., 144 Okla. 150, 289 P. 721, wherein it was said:

"When property is subjected to the payment of the debt against it, if it is not sufficient to satisfy the indebtedness, the plaintiff could not recover a deficiency judgment against the estate because the claim was not presented to the administrator within the time allowed by law. Since the claim was not presented to the administrator within that time, all the plaintiff can do is to cause the property to be subjected

to the payment of the purchase price against it, or recover possession of the land."

Other cases which support this rule are: Miller v. Bradburn's Estate, 106 Okla. 234, 233 P. 736; Commercial Inv. Trust v. Harsha, 116 Okla. 140, 243 P. 955; Verdier v. Roach, 96 Cal. 467, 31 P. 554; Fawcett v. McGahan-McKee Lumber Co., 39 Okla. 68, 134 P. 388.

For the reasons herein given, the case is reversed and remanded to the trial court, with directions to render judgment for the defendant disallowing plaintiff's claim.

The Supreme Court acknowledges the aid of Attorneys Chas. R. Gray, Frank T. McCoy, and Paul N. Humphrey in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Gray, and approved by Mr. McCoy and Mr. Humphrey, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, WELCH, and CORN, JJ., concur.

Supplemental Opinion on Rehearing.

OSBORN, V. C. J. In the petition for rehearing it is urged that the decision in this case is conflicting with certain prior decisions of the court and misconstrues section 1233, O. S. 1931.

In this case the debt involved was not due when Samuel C. Timmons died and defendant was appointed executrix of his estate. At that time the claim of the Hanna Construction Company was a contingent claim. Under the provisions of the latter portion of section 1233, supra, dealing with contracts "hereafter made", said claim should have been filed within the time limited in the notice to creditors, and since it was not filed within that time, it was barred by said statute of nonclaim.

An examination of the cases of Wright v. Farmers' National Bank, 110 Okla. 74, 243 P. 512, and O'Neill v. Lauderdale, 80 Okla. 170, 195 P. 121, discloses that in those cases the court misconstrued section 1233, supra, by holding that a contingent claim arising on a contract hereafter made, that is, made subsequent to the passage or adoption of the act, may be presented within one month

after it becomes due and absolute. In so far as those decisions are in conflict with the views herein expressed, they are expressly overruled.

The petition for rehearing is denied.

McNEILL, C. J., and RILEY, BUSBY, WELCH, CORN, and GIBSON JJ., concur. BAYLESS and PHELPS, JJ., absent.