## WICHITA MILL & ELEVATOR CO. v. FARMERS' STATE BANK.

No. 13676—Opinion Filed April 1, 1924.

Rehearing Denied June 10, 1924.

(Syllabus.)

1. **Chattel Mortgages—Sale of Property by Mortgagor—Action by Mortgagee Against Purchaser for Conversion.**

When the mortgagor of personal property, being in possession before default and having the right of possession under the terms of the mortgage, sells the entire property to another, who has notice of the mortgage, either actual or constructive, the purchaser acquires only the interest of the mortgagor and holds subject to the mortgage, and in such case, after default, the mortgagee may maintain an action against such purchaser for the wrongful conversion of the property mortgaged.

2. **Same—Ratification of Sale by Mortgagee—Agency.**

Where a mortgagor, in selling mortgaged property, did not purport to act as agent of the mortgagee, but in his own right as owner, the mortgagee could not be bound thereby, on the theory of ratification of an unauthorized act of an agent.

3. **Chattel Mortgages—Sufficiency of Description—Parol Evidence to Aid.**

A description in a chattel mortgage, which is sufficient to put a third person upon inquiry which, when pursued, will enable him to ascertain the property intended to be included in said mortgage, is good, and parol evidence is admissible in order to show the particular property intended to be covered by the description in the mortgage.

4. **Chattel Mortgages—Sale of Property by Administratrix of Mortgagor—Conversion.**

A mortgagee in case of a default is entitled to possession of the property as against the administratrix of the mortgagor, as well as against the mortgagor himself. It is not necessary for the holder of a chattel mortgage to file a claim with the administrator of the estate of a deceased mortgagor, in order to enforce the mortgage lien, and a sale of the property covered by the mortgage, by an administrator, without the consent of the mortgagee, was as much a conversion of the property as though the same had been sold by the mortgagor during his lifetime.

Error from District Court, Tillman County; Frank Mathews, Judge.

Action by the Farmers' State Bank of Tipton against the Wichita Mill & Elevator Company. Judgment for plaintiff, and defendant brings error. Affirmed.

H. S. Davis, P. Mounts, and W. H. Hussey, for plaintiff in error.

Wilson & Roe, for defendant in error.

COCHRAN, J. The Farmers' State Bank of Tipton, as plaintiff, commenced this action against the Wichita Mill & Elevator Company, as defendant, to recover damages for the conversion of certain wheat, on which the plaintiff had a mortgage. The plaintiff claimed a special ownership in the wheat in controversy by reason of a chattel mortgage executed to it by S. D. Landrum and Mollie Landrum. Subsequent to the execution of the mortgage, S. D. Landrum died, and Mollie Landrum was appointed administratrix of his estate. In July, 1921, Mollie Landrum sold the wheat in controversy to the defendant, and the purchase price for the wheat was paid to Mrs. Landrum, as administratrix of the estate of S. D. Landrum, deceased.

The defendant contends that, although the wheat was sold by Mollie Landrum without the consent of the mortgagee, such sale was thereafter ratified by the plaintiff, and it cannot maintain an action for conversion of the wheat. The testimony shows that the sale of the wheat was made by Mrs. Landrum without the knowledge or consent of the plaintiff, but after she had delivered a portion of the wheat to the defendant an officer of the plaintiff bank went out to where she was threshing, and at that time advised her to go to town and make settlement for the wheat which she had already sold and get the tickets therefor and bring them to the bank. The defendant contends that this constituted a ratification of the wrongful sale of the wheat by Mrs. Landrum. . The sale of the property on which the plaintiff had a mortgage, by the mortgagor, without the consent of the mortgagee, and to the exclusion of the rights of such mortgagee, was a conversion of the mortgaged property. and the purchase of the mortgaged property by the defendant with knowledge, either actual or constructive, of plaintiff's mortgage amounted to a conversion of the property by the defendant. Bank of Commerce of Ralston · v. Gastill, 44 Okla. 728, 145 Pac. 1131. The acts of the plaintiff did not amount to a ratification of the unlawful sale of the property by the mortgagor. Mrs. Landrum did not act or profess to act as the agent of the mortgagee in making the sale of the property, but acted in her own behalf. Since she did not purport to act as the agent of the mortgagee, such mortgagee cannot be bound by her acts on the theory of ratification of such unauthorized acts. In Ilfeld v. Sieglar (Colo.) 91 Pac. 825, it is said:

"It is the law that there is no rule for the operation of the ratification by a principal of the unauthorized act of an agent, unless the later at the time of the sale avowedly acts as an agent. The authorities seem to be unanimous upon this point. Story on Agency (9th Ed.) sec. 251A: 1 Chitty on Contracts (11th Am. Ed.) 293; Puget Sound Lbr. Co. v. Krug, 89 Cal. 237, 26 Pac. 902; Crowder v. Reed, 80 Ind. 1; Richardson v. Payne, 114 Mass. 429; Mechem on Agency, sec. 127. We think it appears that the mortgagors did not avowedly act as agents of the mortgagee, but rather in their own right as owners. At least, there was evidence that they professed to act in their own behalf. And yet the court proceeded as if ratification could be had, regardless of the capacity in which the seller acted. This was error."

Plaintiff's mortgage described the wheat as "100 acres of wheat, now being grown on the above farm during 1921, to be free of all expense." The farm referred to was designated as the farm of the mortgagor, section 9, township 2 south, range 19 west, Tillman county, Okla. The evidence discloses that S. D. Landrum was farming 400 acres of land in section 9, township 2 S., range 19 W., Tillman county; that this mortgage was intended to cover 100 acres of wheat grown by Landrum on the N. E. quarter of said section. The testimony showed further that Landrum had 150 acres on the N. E. quarter of section 9 in wheat during 1921. The defendant contends that the mortgage is void because of the uncertainty of the description and that it is impossible to tell what portion of the 150 acres of wheat in the N. E. quarter of section 9 was covered by this mortgage. This mortgage would be void for uncertainty if it were impossible to ascertain from the mortgage and parol evidence what particular 100 acres of the 150 acres in the N. E. quarter, section 9, was intended to be covered by the mortgage. Walter S. Wood Mowing & Reaping Machine Company v. Minn. & Northern Elevator Company (Minn.) 51 N. W. 378; Russell v. Stevens (Miss.) 12 South. 830; Clark v. Voorhees (Kan.) 12 Pac. 529; Walters v. Cabb (Mo.) 83 N. W. 195, 83 Am. St. Rep. 137.

A description in a chattel mortgage which is sufficient to put a third person upon inquiry, which, when pursued, will enable him to ascertain the property intended to be included in said mortgage is good, and parol evidence is admissible in order to show the

particular property intended to be conveyed by the description in the mortgage. First Nat. Bank of Bristow v. Rogers, 24 Okla. 357, 103 Pac. 582; Smith v. La Fayette & Bro., 29 Okla. 671, 119 Pac. 979. In this case the defendant offered in evidence a mortgage which is executed by Landrum and his wife, to Security State Bank, which covers 50 acres of wheat in the N. E. ¼ of section 9. This mortgage was executed prior to the execution of plaintiff's mortgage and the validity of that mortgage was not questioned. The parol evidence showed that the mortgage to the plaintiff was intended to cover 100 acres of wheat in the N. E. ¼ of section 9, and was to be a first mortgage thereon. It necessarily covered the 100 acres of wheat in the N. E. ¼ of section 9, which was not covered by the mortgage theretofore given to the Security State Bank. We are of the opinion that the testimony was sufficient to identify the wheat covered by plaintiff's mortgage and to render the mortgage valid.

The defendant next contends that the court erred in directing a verdict for the plaintiff, because the answer filed by the defendant raised issues of fact which the defendant was entitled to have determined by a jury. It is true that the answer filed did raise issues of fact and that the defendant was entitled to a jury trial, but unless the evidence which was introduced during the trial was sufficient to raise an issue of fact, there was no question to submit to the jury. In the instant case there was no controverted question of fact, and the court properly directed a verdict.

It is next contended that, since the mortgage of the plaintiff was executed by S. D. Landrum and his wife, and S. D. Landrum died before this suit was filed, and Mrs. Landrum was appointed administratrix of the estate of her deceased husband, she was entitled to the possession of the mortgaged property as a portion of the estate of S. D. Landrum, and was entitled to sell the same as such administratrix, and that it was necessary for the plaintiff to file his claim with the adminstratrix and have it allowed as a secured claim. It is true that the mortgaged property was a part of the estate of S. D. Landrum, and the administratrix was entitled to its possession as a part of such estate, but she took the same charged with the lien existing in favor of the plaintiff. It was not necessary for the plaintiff to file a claim with the administratrix in order to enforce its lien, and a sale of the property covered by plaintiff's mortgage, by the administratrix, without the consent of the mortgagee, was as much a

conversion of the property as though the same had been sold by S. D. Landrum during his lifetime.

It is our opinion that the judgment of the trial court should be affirmed.

JOHNSON, C. J., and NICHOLSON, HARRISON, and MASON, JJ., concur.