## DAWKINS, Adm'r, et al. v. PEOPLE'S BANK & TRUST CO.

No. 15747—Opinion Filed Nov. 10, 1925.

Rehearing Denied April 13, 1926.

1. **Appeal and Error—Pleading — Ruling on Demurrer to Petition not Reviewable Where Petition Superseded by Amended Petition.**

Where, after demurrer filed by defendant, the plaintiff files his amended petition, complete in itself, and does not make the original petition a part thereof by reference or otherwise, such amended petition supersedes the original petition, and where the defendant does not file a demurrer to the amended petition, the ruling of the trial court on questions raised by demurrer to the original petition will not be reviewed by this court.

2. **Pleading—Misjoinder of Causes of Action—Waiver by Failure to Specially Demur.**

Misjoinder of causes of action can be taken advantage of by special demurrer, and where defendants file their answer, and, among other defenses, plead a misjoinder of causes of action such misjoinder, if any, will be deemed to have been waived.

3. **Pleading—Oral Demurrer—Effect.**

A demurrer ore tenus, or an oral demurrer, should be considered as a general de-

murrer only, and it is not error to overrule such demurrer where the pleading attacked states a cause of action entitling the pleader to any relief.

**4. Appeal and Error—Necessity for Objections Below — Proof of Execution of Writings.**

Where, in an action in replevin for the possession of personal property, brought against the administrator, where the right to possession is founded upon a note and mortgage executed by the intestate, and the introduction in evidence of such note and mortgage is objected to, upon the ground that the same is "immaterial, irrelevant, and incompetent" for that the claim of the plaintiff under the mortgage was not filed with the administrator, such objection does not raise the question of proof of the execution of the note and mortgage, and the same cannot be raised for the first time in the Supreme Court.

**5. Executors and Administrators — Right of Mortgagee of Personalty to Possession Upon Default as Against Mortgagor's Administrator — Enforcement of Lien Without Filing Claim.**

A mortgagee of personal property in case of default is entitled to possession of the property as against the administrator of the mortgagor as well as against the mortgagor himself. It is not necessary for the holder of a chattel mortgage to file a claim with the administrator of the deceased mortgagor in order to enforce the mortgage lien, and a sale of the property covered by the mortgage by an administrator, without the consent of the mortgagee, is as much a conversion of the property as though the same had been sold or disposed of by the mortgagor during his lifetime.

**6. Courts — Judgment — Collateral Attack —County Court's Probate Jurisdiction.**

County courts have general probate jurisdiction and their judgments are accorded the same presumptions accorded other courts, within the scope of their jurisdiction, but where the court exceeds the powers granted it by the Constitution and laws of the state, and the record in the case affirmatively discloses the court is without power to make the order which it assumed to make, such order is void, and subject to collateral attack for want of jurisdiction to make the same.

**7. Trial — Separate Findings of Fact — Waiver of Right by Failure to Request.**

Where one of the parties to an action files his timely request with the trial court for findings of fact and conclusions of law, and the adverse party fails to join in such request or file his separate request for such findings, and judgment is rendered in favor of the party filing such request, the failure of the party against whom judgment is rendered to file a request for such findings is a waiver of his rights under section 556, C. O. S. 1921, and the failure of the court to make and file such findings of fact and conclusions of law is not error.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Jefferson County; Will Linn, Judge.

Action by the People's Bank & Trust Company against D. Dawkins, administrator of the estate of I. H. Porter, et al. Judgment for plaintiff, and defendants appeal. Affirmed.

J. H. Harper, for plaintiffs in error.

Green & Pruett, for defendant in error.

Opinion by RUTH, C. The parties will be designated as they appeared in the trial court.

Plaintiff alleges I. H. Porter, on November 1, 1921, executed and delivered to plaintiff his note for the sum of $1,798.50, and as security for same executed and delivered his chattel mortgage covering certain live stock, two farm wagons, and 40 acres of cotton and 40 acres of corn to be raised on the W. L. Tryson farm, eight miles northwest of Ryan; that I. H. Porter died July 13, 1921, and D. Dawkins was appointed administrator, and that the administrator has made default by permitting some of the property to be sold, and failed to apply the proceeds to the payment of the indebtedness due plaintiff; that large quantities of the cotton and corn have been sold, and the proceeds used by Dawkins and Sarah J. Porter; that there is due plaintiff $1,798.50, with interest at the rate of 10 per cent. per annum from November 1, 1921, and 10 per cent. attorneys fees; and prays a delivery of the property, or in lieu thereof, that it have judgment against the defendants for the amounts set forth.

Plaintiff duly filed its replevin bond and defendants filed a redelivery bond and retained the property. Defendants filed their demurrer, and plaintiff filed its amended petition, in which it is alleged it duly filed its claim against the estate and the administrator; that the county court made a purported order setting aside a large portion of the mortgaged property for the use and benefit of the widow and minor children, and pursuant to said order, the administrator and the widow proceeded to sell the property and appropriate the proceeds to their own use, and the general expenses of the administra-

tion, and the money now on deposit in the First National Bank of Ryan, as shown by its answer as garnishee, is a part of the proceeds of the sale of the mortgaged property, and constitutes a trust fund for the payment. of the debt due plaintiff.

A guardian ad litem was appointed for the minor children, and the administrator's answer alleges the county court set aside certain live stock (describing same) and a certain buggy and wagon, all farming implements, and two sets of harness for the use and benefit of the widow and minor children. A comparison of the lists of property in the mortgage and the county court order indicates that, excluding one buggy, the farming implements, and two sets of harness, the property so attempted to be set aside by the county court is the identical property covered by plaintiff's mortgage. The answer further states the county court by said order set apart 500 bushels of corn from the crops of the deceased to be delivered to the widow, and that she be paid $100 cash out of the proceeds of the sale of the other property. and after gathering the crops, he delivered 500 bushels of corn to the widow, sold the balance, and deposited the proceeds in the First National Bank of Ryan, after paying Sarah J. Porter $100 in cash. The answer then alleges a misjoinder of parties defendant, but by filing his answer he has waived any objections to any alleged misjoinder of causes of action or misjoinder of parties defendant, as the question of misjoinder may only be raised by special demurrer. Johnson v. Johnston, 104 Okla. 17, 230 Pac. 480; Kay et al. v. Walling et al.. 98 Okla. 258, 225 Pac. 384; West v. Madansky, 80 Okla. 161, 194 Pac. 441; Choctaw. O. & G. R. Co. v. Burgess, 21 Okla. 653. 97 Pac. 271; Oates v. Freeman, 57 Okla. 449, 157 Pac. 74.

The answer further states the plaintiff did not file its claim with the administrator as provided by law. The answer of Sarah J. Porter and the guardian ad litem is to the same general effect. The cause was tried to the court, and judgment rendered for plaintiff and defendants appeal and present their assignments of error under four propositions, which will be considered in their order.

Defendants contend that an action under a promissory note cannot be joined with an action in replevin, and it is prejudicial error to overrule a demurrer for misjoinder of parties in which such actions are joined, citing Galbreath v. Mays, 70 Okla. 252, 174 Pac. 517. Plaintiff filed its amended peti-

tion and did not make the original petition a part thereof by reference or otherwise, and defendants did not demur to the amended petition upon any ground, but filed their answer, in which, among other allegations, they attempt to set up a plea of misjoinder of parties defendant and a misjoinder of causes of action, but, as herein indicated, the defendants cannot raise these questions by way of answer, but they must be raised by special demurrer.

After answer filed and the cause proceeded to trial, and while witnesses were being examined, the defendants attempted to interpose a demurrer to the plaintiff's petition for that it did not state facts sufficient to constitute a cause of action. The demurrer was overruled, and defendants assign the ruling of the court as error.

"A demurrer ore tenus, or an oral demurrer, should be considered as a general demurrer only, and it is error to sustain such demurrer, where the pleading attacked states a cause of action entitling the pleader to any relief." U. S. Fidelity & Guaranty Co. v. Fidelity Trust Co., 49 Okla. 400, 153 Pac. 197.

"A general demurrer does not go to a misjoinder of causes of action, and in order to attack a misjoinder of causes of action, a demurrer for such misjoinder must be interposed." Hart-Parr Co. v. Thomas, 74 Okla. 104, 171 Pac. 867.

By filing their answer and proceeding to trial, defendants waived any objection to the sufficiency of the petition to state a cause of action, and the oral demurrer filed at the time was properly overruled.

Plaintiff offered the note and mortgage in evidence, and the defendants objected upon the ground "that it had not been shown that any proper claim was ever presented to the administrator, that it was immaterial, incompetent and irrelevant," and the defendants urge in this court, for the first time, that no proper proof was made of the execution of the note and mortgage.

"An alleged error of the trial court complained of for the first time in the appellate court will not be considered therein." Wichita Falls & N. W. Ry. Co. v. Puckett. 53 Okla. 463, 157 Pac. 112.

The objection to the introduction of the note and mortgage, because it was incompetent. irrelevant and immaterial, does not reach the objection counsel seeks to raise now. No objection was interposed in the court below that sufficient preliminary proof had not been offered to admit the instrument in evidence. Long Bell Lumber Co. v. Mar-

tin, 11 Okla. 192, 66 Pac. 328, citing K. P. Ry. Co. v. Cutter, 19 Kan. 89; Humphrey v. Collins, 23 Kan. 549; Daugherty v. Fowler, 44 Kan. 628.

If a party fails to object to the introduction of an instrument on the ground that its execution is not proven he cannot thereafter raise the question. Botkins v. Livingston, 16 Kan. 39. See, also, Diamond v. Perry, 46 Okla. 16, 148 Pac. 88.

It is the duty of counsel to state his specific objection to the introduction of the particular evidence offered, to the end that the court may be fully advised, and pass upon the point raised, and where the specific point was not called to the trial court's attention and that court given the opportunity to pass upon the same, the objection will not be considered by this court.

"It is the objection made, and not that which might have been urged, that called for a ruling of the court. Had proper objection been made, it must be presumed that the objection would have been sustained, hence no error committed." Muskogee Elect. Traction Co. v. McIntire, 37 Okla. 684, 133 Pac. 213.

The only specific objection urged in the trial court to the introduction of the instruments upon which the action was founded, was that:

"It had not been shown that any proper claim had ever been presented to the administrator, and this is the only objection to be considered by this court."

The plaintiff alleged it was the owner and holder of a certain note, executed by deceased, and a mortgage on specific personal property to secure the note, and brought its action in replevin for the property as mortgagee. The question whether a mortgagee is required to file his claim with the administrator of a deceased mortgagor has been passed on very recently by this court. In Wichita Mill & Elevator Co. v. Farmers State Bank of Tipton, 102 Okla. 83, 226 Pac. 871, where this court said:

"A mortgagee in case of a default is entitled to possession of the property as against the administratrix of the mortgagor, as well as against the mortgagor himself. It is not necessary for the holder of a chattel mortgage to file a claim with the administratrix of the estate of a deceased mortgagor, in order to enforce the mortgage lien, and a sale of the property covered by the mortgage by an administrator, without the consent of the mortgagee, was as much a conversion of the property as though the same had been sold by the mortgagor during his lifetime."

The reason for the rule as laid down in the cited case is obvious. If it were otherwise, and a claim must be presented to the administrator of a deceased mortgagor, and county courts were permitted to set aside mortgaged property for the use and benefit of the heirs, a mortgagee's security would rest upon a very insecure foundation. It would depend not alone upon the value of the property mortgaged, but also upon the continued life or possible death of the mortgagor. It was therefore immaterial whether the plaintiff's claim secured by mortgage was presented to the administrator or not, and the judgment of the court in overruling the objection of defendants upon this ground was not error.

It is further contended that county courts being courts of general jurisdiction in probate matters, the order of the county court in setting aside mortgaged property for the use and benefit of the family of the deceased, such order being unappealed from, becomes a final order and cannot be collaterally attacked. The contention is without merit in the instant case, for while county courts have general probate jurisdiction and their judgments are accorded the presumptions accorded other courts within the scope of their jurisdiction, nevertheless, where the court exceeds the powers granted it by the Constitution and laws of the state, and such affirmatively appears, such judgment is void, and if we were inclined to view this action in replevin for mortgaged personal property as a collateral attack upon the order of the county court, which is not the view of this court, the contention would be without merit, for, as we have pointed out, the court had no jurisdiction over the property covered by the mortgage and had no power to set it aside for the use of the family, and the order was void.

"Where the record in the case affirmatively discloses that the court is without power to make the order which it assumed to make, such order is void, and subject to collateral attack for want of jurisdiction to make the same." Roth v. Union National Bank, 58 Okla. 604, 106 Pac. 505; Winona Oil Co. v. Barnes, 83 Okla. 248, 200 Pac. 981.

Defendant complains of the trial court's failure to make findings of fact and conclusions of law. The record discloses the request for findings of fact and conclusions of law was made by the plaintiff, and no objections or exceptions were made or saved to the failure of the court to make such findings, and the defendants not having filed any request for such findings, it was within the power of the plaintiff to waive the same,

and the defendants cannot predicate error upon such failure. While this court held that a failure of the court to make and file such findings, after request made therefor, constitutes reversible error, the cases so holding are such as where the judgment was rendered against the party making such request.

In Bryan v. Okmulgee County Business Men's Ass'n, 71 Okla. 173, 176 Pac. 226, this court said:

"Where in an action questions of fact are tried by the court without a jury, and after the close of the evidence and before judgment, one of the parties requests the court, in accordance with the provision of section 5017, R. L. 1910 (sec. 556, C. O. S. 1921), to state in writing its conclusions of fact found separately from its conclusions of law, with the view of excepting to the decision of the court upon the questions of law involved in the trial, and where there is a conflict in the testimony upon a material issue, and the court refuses to comply with such request and renders judgment against the party making it, such failure to so state the conclusions of fact and of law constitutes reversible error."

See, also, Grant v. Mathis, 96 Okla. 65, 220 Pac. 331.

In the case under review, the judgment of the court was for the party making the request and against the defendants, and their failure to join in such request or to file their separate request for such findings precludes them from predicating error upon the court's failure to make such findings.

There appearing to be no errors in the record, the judgment of the trial court should be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 3 C. J. p. 792, § 717; 31 Cyc. pp. 465, 466. (2) 31 Cyc. p. 731. (3) 31 Cyc. p. 309. (4) 3 C. J. p. 819, § 733; 38 Cyc. pp. 1380, 1384. (5) 11 C. J. pp. 556, § 255; 624, §338: 24 C. J. pp. 207, §715; 333, § 955. (6) 15 C. J. pp. 1004, § 418; 1009, § 419; 1021, § 442. (7) 3 C. J. p. 870, § 766; 38 Cyc. p. 1957.