## COSTAL SALES CORPORATION v. HOOD.

No. 20954. Opinion Filed Dec. 30, 1930.

Luther Bohanon, J. S. Estes, and E. E. Blake, for plaintiff in error.

J. M. Huser, for defendant in error.

DIFFENDAFFER, C. This is an action in replevin brought by defendant in error, Minnie E. Hood, administratrix of the estate of F. W. Hood, deceased, hereinafter referred to as plaintiff, against Costal Sales Corporation, plaintiff in error, hereinafter referred to as defendant, to recover the possession of two International trucks. She claimed possession of the property as a part of the assets of the estate of F. W. Hood, deceased.

Defendant claimed right of possession by virtue of a chattel mortgage given by deceased in his lifetime to secure a note for $1,182.17 to the Hunt Tire & Supply Company, of Seminole, Okla., and assigned to defendant after maturity. Plaintiff replied, admitting the execution of the note and mortgage, but alleged as defenses thereto, payment and failure to present and file with the administratrix the note and mortgage as a claim against the estate. The note was dated November 21, 1928, and was due 60 days after date.

F. W. Hood departed this life on February 10, 1929. Plaintiff was appointed administratrix February 21, 1929. This action was commenced April 5, 1929. Defendant had advertised the trucks for sale April 6th, under the mortgage. An order of replevin was served and defendant gave a redelivery bond, and the trucks were returned to it and sold. The cause was tried to the court without a jury, and judgment rendered for plaintiff.

The principal claim made by plaintiff at the trial was that no claim had been filed with or presented to her by defendant and for this reason defendant was not entitled to take and sell said property under its mortgage. The trial court at the close of the evidence made findings of fact to the effect that no claim was presented to the administratrix, but made no finding as to the plea of payment, basing the judgment wholly on the defense of failure to file claim. Thereafter the court, without further evidence, set aside its finding and judgment, and made new finding, making no finding on the question of presentment of the claim with the administratrix, but made a finding to the effect that F. W. Hood, prior to his death, had paid said note and mortgage, and entered judgment for plaintiff for the return of the property or its value, fixed at $850.

Defendant after motion for new trial was overruled brings this appeal. There are a number of assignments of error, but they are all directed to the proposition that the findings and judgment are not sustained by the evidence. We think this assignment is well taken.

The uncontradicted evidence shows that, on November 21, 1928, deceased, F. W. Hood, was indebted on open account to the Hunt Tire & Supply Company, of which Grover W. Hunt was manager, in the sum of $582.17. Hood was in financial difficulties, and on that date the tire company loaned him $600, which, together with $582.17 he owed it on the account, made up the $1,182.17, for which the note and chattel mortgage were given.

Thereafter Hood continued to buy merchandise on open account down to December 18, 1928, at which time he had so purchased goods, etc., in the amount of about $671.35. On November 26th, he had paid $40, which was credited upon the account. On December 19th, he paid the tire company, $1,000,

which was entered upon the books of the company. Thereafter additional items had been purchased, in a total sum of $247.60, upon which he had paid $325.61, which were all the debits and credits shown on the books of the company except the $600 item, which was entered on the book, though also included in the note. Hunt testified, without objection, that at the time the $600 loan was made, Hood had due him some undetermined amount from the Amerada Company, and it was then agreed that this claim, or the check therefor, should be assigned by Hunt to the tire company and the proceeds applied in payment of the $600 loan and the open account of Hood thereafter to accrue, if the amount was sufficient. This is the only evidence of any direction by Hunt as to how payments should be applied. When the claim was paid by the Amerada, it amounted to about $2,100, but Hood did not assign the whole amount to the tire company, but did pay the sum of $1,000, the same being the item credited on the books of the tire company on December 19th.

The trial court evidently held that all payments made by Hood after November 21, 1928, should have been applied upon the note secured by the mortgagee until it was satisfied and the balance applied upon the open account. Otherwise the court could not have found and held that Hood during his lifetime had paid the note in full. This we think was erroneous, and a wrong application of the payments. As stated before, there is no evidence of any direction by the debtor as to how any payment should be applied, other than the $1,000 payment.

In Jackson v. Moore, 39 Okla. 234, 134 Pac. 1114, it was held:

"The rule of law is that, if a debtor, owing two or more separate debts, fails to direct in what manner a payment may be applied, the right then passes to the creditor to make whatever application he pleases. And an instruction that 'the creditor must apply a payment made by debtor upon the debt most burdensome to the debtor in the absence of an agreement to the contrary' is erroneous."

In King v. Sutton, 42 Kan. 603, 22 Pac. 696, it is said:

"We think the rule is well settled that a debtor making voluntary payment may direct to which account or debt—if there be more than one—the credit may be applied; if he makes no such direction, then the creditor may. If both fail to do so, then the law will apply payment according to its notions of justice."

Many cases are therein cited upholding the rule. No cases are here cited holding to the contrary.

When the $1,000 payment was made, after applying the $600 on the note as agreed upon, the $400 left was insufficient to pay the then open account. At the time all other payments shown by the books were made, and no directions made by the debtor as to their application, the open account was more than the amount of the payments made. The tire company applied them to the open account, as it had a clear right to do, in the absence of directions by the debtor. There was, therefore, nothing to apply on the balance of the note, which amounted to $582.17 and interest. The note, then, was clearly not paid.

However, the record does disclose that, at some time not clearly shown, Hood had paid the sum of $295, which does not appear on the books, nor does the record show an application of this payment by the creditor. But applying the whole thereof to the note, there still remains unpaid thereon, not including interest, $287.17.

Plaintiff, in support of the judgment, contends, as she contended below, that the chattel mortgagee lost its debt and security by not presenting its claim to the administratrix before she brought the suit to recover the property, although said suit was brought within 45 days after her appointment.

The authorities cited are 24 C. J. 333, note 71, and cases therein cited. However, the text states the general rule to be otherwise, and cases are cited from some 26 states, including Oklahoma, in support thereof. This question seems definitely settled in this state against the contention of plaintiff. In addition to the authorities cited in Corpus Juris in support of the text, we are cited to Hawkins, Adm'r, v. Peoples Bank & Trust Co., 117 Okla. 181, 245 Pac. 594, where it was held:

"A mortgagee of personal property, in case of default, is entitled to possession of the property as against the administrator of the mortgagor as well as against the mortgagor himself. It is not necessary for the holder of a chattel mortgage to file a claim with the administrator of the deceased mortgagor in order to enforce the mortgage lien. * * *"

The contention of plaintiff in this regard cannot be upheld. The judgment should be and is hereby reversed, and the case remanded for further proceedings in accordance herewith.

LEACH, TEEHEE, HERR, and REID, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 21 R. C. L. p. 101; R. C. L. Perm. Supp. p. 5019; R. C. L. Continuing Perm. Supp. p. 861.