### FLUKE et al. v. DOUGLAS et al.

No. 21048. Opinion Filed July 27, 1932.

E. Stanard and Leonard Carey, for plaintiffs in error.

Lafayette Walker, for defendants in error.

W. N. Stokes, Geo. W. Grant, and W. C. Hall, amici curiae.

RILEY, J. This is an appeal from a judgment of the superior court of Pottawatomie county, vacating and setting aside a judgment and decree of foreclosure of real estate theretofore rendered and entered and all proceedings had thereunder. The action was to foreclose two mortgages, a second and third, subject to a prior mortgage of $1,200, and was commenced in said court April 12, 1924. The plaintiffs were C. M. Cade and A. J. Fluke, receivers of the Conservative Loan & Trust Company. It appears that the notes and mortgages were executed by Mary S. Rawlings, and at the time the action was commenced Mary S. Rawlings was deceased and no administrator of the estate had been appointed. J. E. Douglas, B. E. Rawlings, B. B. Rawlings, M. S. Rawlings, H. A. Rawlings, Mrs. Florence Leake, R. P. Rawlings, Mrs. J. W. Tinker, and Mary Rawlings Farmer were made defendants. Thereafter, November 29, 1924, an

amended petition ws filed wherein the unknown heirs, executors, administrators, devisees, trustees, and assigns, immediate and remote, of Mary S. Rawlings, deceased, were made additional parties defendant.

On October 19, 1924, M. S. Rawlings was appointed administrator of the estate of Mary S. Rawlings, deceased. On June 30, 1925, on motion of plaintiffs, the court entered an order making M. S. Rawlings, administrator of the estate of Mary S. Rawlings, an additional party defendant, and summons was issued and served on him.

On September 21, 1925, all the defendants being in default, judgment and decree of foreclosure was entered.

March 30, 1926, an order of sale was issued and the sheriff advertised and sold the land, and the sale was confirmed by the court May 20, 1926, and sheriff's deed was issued. July 27, 1929, M. S. Rawlings, administrator, filed his motion to set aside the judgment upon the grounds: (a) That the petition of plaintiffs did not state a cause of action against the estate of Mary S. Rawlings in that there was no allegation therein that an administrator had been appointed or that one was acting; (b) that the judgment was entirely outside the issues and upon matters not submitted by the pleadings; (c) that the judgment, among other things, finds: "That the State Bank of Chicago have a deficiency judgment against the estate," which finding is void for the reason that said bank was not a party and the petition stated no facts upon which the findings can be based; (d) that the claim of plaintiff, if any it had, was never presented to the administrator for allowance and had never been allowed by the administrator or by the county court; (e) that the order of sale was void in that it was not in conformity with the judgment in that it directs the sheriff to apply the proceeds of the sale after the payment of costs to the amount due the plaintiff to the State Bank of Chicago; (f) that there is no allegation in the petition to support the finding of the court that there was a prior mortgage against the land amounting to $1,200. A certified copy of the judgment roll was attached to the petition, and the motion asserted that the judgment and all proceedings had thereunder were void as shown by the judgment roll.

Upon this motion summons was issued and served on A. J. Fluke and C. M. Cade, receivers.

September 12, 1929, the motion, coming on to be heard, was sustained generally, and the judgment and all the proceedings had thereunder were ordered vacated, set aside, and held for naught.

From this order the appeal is prosecuted.

As to the first ground of the motion to vacate, the order vacating the judgment cannot be sustained. The rule is that where an action is brought against an administrator, it is necessary to state that he is sued as administrator if it is sought to hold him liable as such. 24 C. J. 824. But this rule appears to be different where an action is pending and an administrator is made a party by order of the court.

In Noyes v. Young (Mont.) 79 P. 1063, it was held:

"Where an administratrix is, by order of court, made a party to a suit commenced by her decedent, no allegation of her official capacity is required."

The same reason would apply where an administrator is made a party by order of the court in an action commenced against the heirs of a deceased mortgagor before an administrator has been appointed.

The court recognized the representative capacity of the administrator when it entered the order making him a party.

It is suggested in the brief of defendant in error that the judgment was void for failure to serve a copy of the amended petition upon the administrator, though this was not mentioned as ground for vacating the judgment. The suggestion is untenable for the reason that at the time the amended petition was filed the administrator had not been made a party defendant.

As to the second ground, that this judgment was entirely outside the issues, the order vacating the judgment is likewise without support.

The judgment adjudging the amount due on the notes and finding the mortgage a lien upon the mortgaged premises was within the issues and entirely proper. The petition set out the notes in full and copies of both mortgages were attached and made a part of the petition and amended petition. The judgment was therefore not entirely outside the issues; although there may be some parts thereof outside the issues, as hereinafter noted, the judgment, as to the material parts, was within the issues raised by the pleadings.

As to grounds (c) and (d) going to the validity of the finding "that State Bank of

Chicago shall have a deficiency judgment against the estate of Mary S. Rawlings, deceased, for the amount of the note due 10-1-23, for the sum of $120," and failure to present claim to administrator, there is merit.

There is no allegation in the petition that would justify such a finding or support a deficiency judgment against the estate of Mary S. Rawlings, deceased.

While the pleadings of plaintiffs may have been broad enough to justify the findings and order relative to the interest of the State Bank of Chicago being a holder of one of the notes as collateral security for an obligation of the Conservative Loan & Trust Company, and said bank had surrendered the note in question for cancellation, etc., yet there was no basis for a finding that said bank was entitled to a deficiency judgment against the estate of Mary S. Rawlings, in case the property did not sell for a sufficient amount to pay the note after costs were paid.

Plaintiffs in error cite section 1234, C. O. S. 1921 [O. S. 1931, sec. 1233], as authority for presenting a claim for a deficiency remaining unpaid after a sale of property of the estate mortgaged or pledged within one month after such deficiency is ascertained. But that part of the section relied upon applies only to claims arising upon a contract made before the enactment of that section. The latter part of the section provides:

"All claims arising upon contracts hereafter made, whether the same be due, not due or contingent, must be presented within the time limited in the notice; and any claim not so presented is barred forever."

The weight of authority is, where the statutes require presentation of a claim against an estate to the personal representative, the petition or complaint in an action on such claim must allege presentation, and it has been held that this rule applies as well in suits in equity as in actions at law. 24 C. J. 843.

The petition showing upon its face that the contract sued upon was made after the enactment of section 1234, supra, and failing to allege presentation of the claim to the administrator, there was no basis for the finding or order relative to a deficiency judgment against the estate.

Ground (e), which attacks the validity of the order of sale in that it commands and directs the sheriff to apply a part of the proceeds of the sale to the payment of the note to the State Bank of Chicago, etc., is without merit. None of the defendants could have been prejudiced by this part of the order. This provision did not invalidate the order in so far as it directed a sale of the premises to satisfy the lien of plaintiffs.

Ground (5) was wholly without merit. Therein it was alleged that there was no allegation in the petition to support the finding that there was a prior mortgage on the land amounting to $1,200.

The petition, in paragraph 1 of the third cause of action, specifically alleges the existence of the prior mortgage of $1,200, and by whom it was held. At least four other times in the original petition and twice in the amended petition sufficient allegations concerning the first mortgage lien are to be found.

The judgment and proceedings had thereunder were in all respects valid except as above noted.

There is a well-recognized rule that a judgment void in part is not necessarily void in whole. The rule is stated in 34 C. J. 510, as follows:

"As to jurisdiction of the subject-matter, it seems that, although the judgment may go beyond the issues and grant relief not asked for, or not within the competence of the court, yet it may be good for so much as the court had power and authority to include in it."

In Audas v. Highland Land & Bldg. Co., 205 Fed. 862, it is held:

"A personal judgment rendered in a foreclosure suit against nonresident defendants brought in by constructive service, who does not appear. while void, does not invalidate that part of the judgment which forecloses the mortgage and directs the sale of the property."

The order vacating the judgment, and all proceedings had thereunder, is reversed and the cause is remanded, with directions to enter judgment in accord with the views herein expressed.

CLARK, V. C. J., and HEFNER, CULLISON, SWINDALL, and KORNEGAY, JJ., concur. LESTER, C. J., and ANDREWS and McNEILL, JJ., absent.