**SPRUILL v. RESERVE LOAN LIFE INS. CO. et al.**

No. 2456.

District Court, N. D. Oklahoma.

Jan. 25, 1938.

Miller, Lytle & Wildman, of Sapulpa, Okl., for plaintiff.

Embry, Johnson, Crowe & Tolbert, of Oklahoma City, Okl., for defendant Reserve Loan Life Ins. Co.

Phil W. Davis, Jr., of Tulsa, Okl., for defendants I. S. and Bessie Woofter.

Yancy & Spillers, of Tulsa, Okl., for defendant Fourth Nat. Bank.

FRANKLIN E. KENNAMER, District Judge.

This action was instituted in the district court of Creek county, Okl., by Edna Spruill, as administratrix of the estate of Amo R. Cunningham, against Reserve Loan Life Insurance Company, I. S. Woofter, Bessie Woofter, and Phil W. Davis, Jr. It was removed to this court by the defendant Reserve Loan Life Insurance Company because of diversity of citizenship and the existence of a separable controversy.

Plaintiff's petition contains the necessary allegations for the recovery of $4,000 against the defendant Reserve Loan Life Insurance Company by reason of the delivery of a policy of life insurance upon the life of Amo R. Cunningham, now deceased.

The petition further alleged that the defendants, I. S. Woofter, Bessie Woofter, and Phil W. Davis, Jr., claimed some interest or right in and to the policy of insurance, and that those defendants had possession of the insurance policy, which they refused to deliver to the plaintiff. The petition sought the delivery of the policy and the recovery of judgment in the amount of $4,000 from the defendant Reserve Loan Life Insurance Company.

Upon motion therefor, Fourth National Bank of Tulsa, Okl., and J. W. Cunningham, were made additional parties defendant. The policy of insurance was surrendered to the clerk of this court by the defendant Woofter, and the cause was dismissed as to the defendant Phil W. Davis, Jr.

The defendants I. S. Woofter and Bessie Woofter filed their answer and cross-petition to plaintiff's petition, in which they admitted that plaintiff was the duly appointed, qualified, and acting administratrix of the estate of Amo R. Cunningham; that the defendant Reserve Loan Life Insurance Company had issued the policy of life insurance referred to in plaintiff's petition, and alleged that they had notified the insurance company of the death of the deceased, and also that they claimed an interest in the policy; that on or about December 1, 1935, the defendant I. S. Woofter loaned $800 to the decedent and to the defendant J. W. Cunningham, who were then husband and wife, and that the deceased and J. W. Cunningham executed a promissory note, in

writing, promising to pay said sum of $800 six months after date, to the cross-petitioner, at the Fourth National Bank of Tulsa. The note provided for the payment of interest at the rate of 10 per cent. per annum, and provided for the payment of an attorney's fee of $25 and 10 per cent. of the amount remaining unpaid, for collection of the same. The cross-petition further alleged that, as a part of the same transaction, the decedent, for the purpose of securing the payment of the note and the performance of the obligations of the makers thereof, delivered to I. S. Woofter and to the Fourth National Bank of Tulsa a written promise, assigning and pledging the policy of insurance sued on herein, as well as other collateral securities. It was further alleged that a notation was made upon the promissory note, to the effect that the note was secured by life insurance policies, and that the agreement for payment was deposited with the Fourth National Bank of Tulsa, but that said bank subsequently delivered the policy of insurance to the defendant Woofter, in accordance with the alleged consent of the defendant J. W. Cunningham; that the policy of insurance was withdrawn for the purpose of transmitting it to the insurance company to record the assignment thereof, and that the Reserve Loan Life Insurance Company was directed to and did return the same to the defendant, Woofter.

The cross-petition further alleged the failure of the defendant J. W. Cunningham and the decedent to pay the promissory note or any part thereof, and that the sum of $840 was due as principal and interest on June 1, 1936, and 10 per cent. per annum as interest on said sum from that date until the same is paid, and the further sum of $25 and 10 per cent. as attorney's fees. It was further alleged that the defendant insurance company was liable to pay the defendant Woofter said sum from the proceeds of said insurance policy.

The cross-petition further alleged that the plaintiff, administratrix, was insolvent and that the estate is wholly without assets, and that the said plaintiff was not entitled to collect the proceeds of the insurance policy and to convert the same to her own use and to defeat the rights of the defendant Woofter.

The defendant Fourth National Bank of Tulsa filed its answer, in which it alleged the making of the escrow agreement; that demand has been made upon it for the delivery of the papers deposited with it in the escrow, and that the court determine who is entitled to the papers in escrow with it, and fix an attorney's fee as compensation for the services of its attorneys in the case. Plaintiff has interposed her motion to dismiss the Fourth National Bank from the action, and has also filed her motion for judgment on pleadings as against the defendants I. S. Woofter and Bessie Woofter.

The only question here presented is plaintiff's motion for judgment on the pleadings as against the defendants I. S. Woofter and Bessie Woofter. However, with respect to the motion to dismiss the defendant Fourth National Bank, it should be observed that if the facts are established as indicated by the pleadings that the policy of insurance sued on herein has been delivered by the Fourth National Bank, and as this action does not involve any of the other collateral securities deposited with the escrow holder, the Fourth National Bank is not a necessary party to the action. As no fund is in court and no fund has been held by the escrow holder, no attorney's fee should be allowed in the action.

The motion for judgment on the pleadings as against the defendants I. S. Woofter and Bessie Woofter has been presented upon a single issue. It is insisted by the plaintiff that the failure of the defendant Woofter to present a claim upon the note sued on, in the answer and cross-petition, against the estate of Amo R. Cunningham, deceased, prevents the maintenance of the cross-action. It is further contended that it must be affirmatively alleged and pleaded that such a claim was presented to the administratrix in order to state a cause' of action upon such a claim. A determination of the question involves the provisions of the Oklahoma Statutes pertaining to the filing of claims against estates prior to the maintenance of an action thereon. The defendants urge that there is no requirement in the Statutes of Oklahoma compelling them to present a claim to the administratrix of the estate of the deceased, because they are not seeking the recovery of any money or the allowance of any claim against the estate; they are limiting their cause to the alleged lien or right to the specific property pledged to secure payment of the note or claim, and are not seeking to establish a claim against any of the other assets, if any, of the estate. The determination of the question must rest

upon the Statutes of Oklahoma, and the proper constructions thereof. As the statute is so vital to a determination of the question, it is set out in full in the subjoined note.[1] Tit. 58, § 333, Okl.St.Ann.

■ Section 341 of title 58, Oklahoma Statutes Annotated, provides that no holder of any claim against an estate shall maintain any action thereon unless the claim is first presented to the administrator. Certainly, if it was necessary for the defendant Woofter to file a claim against the estate of the deceased, the action set forth in the cross-petition is not maintainable. The case, therefore, narrows itself down to a determination of whether section 333 requires the filing of a claim evidenced by a note, secured by a pledge of a life insurance policy, or whether, as contended by the defendant Woofter, as no relief is sought against the estate, but such relief is limited to a realization from the pledged or hypothecated assets, that it was unnecessary to file and present a claim to the administratrix. It therefore becomes necessary to construe section 333 of the Oklahoma Statutes, to determine whether a claim should have been filed with the administratrix, before suit can be maintained thereon. It should be noted that national courts will follow the interpretation of state statutes made by the Supreme Court of the state, where no question of general or commercial law, or violation of the Constitution or laws of the United States, is involved, and, if the Supreme Court of Oklahoma had construed the statutes involved herein, such a construction would be binding upon this court. See Jackson v. Harris, 10 Cir., 43 F.2d 513, and cases therein cited.

■ The Oklahoma statute involved here has been construed by the Supreme Court of the state, upon questions presented thereunder, but the precise question involved in this case has never been presented to the Supreme Court of Oklahoma for a construction of the statute, and for a determination of the necessity of filing a claim where the obligation is secured by a pledge. It is necessary to consider constructions placed upon the statute by the Supreme Court of Oklahoma wherein questions other than the one here presented were involved, in order to arrive at the true construction and meaning of the statute. It should be noted that the Supreme Court of Oklahoma in an early case, in considering the statute then in force, refused to pass upon the question involved in this case. In Haynes, Adm'x, v. City National Bank, 30 Okl. 614, 121 P. 182, the bank had accepted an assignment of an insurance policy in payment of the deceased's indebtedness to the bank. The case did not involve a pledge or hypothecation of an insurance policy, as is here presented. The court pointed out that, if the cause of action in the cited case had been brought to foreclose a mortgage, or as a pledge, seeking to enforce the contract of pledge, construction of the statute with reference to the necessity of its being presented to the administratrix would have arisen, but, as such a question was not presented, the Supreme Court of Oklahoma held that they were not called upon to express an opinion upon that ques-

---

[1] Tit. 58, § 333, Okl.St.Ann.:

"*Bar of claims not presented in time.*
—*Exceptions.*

"If a claim arising upon a contract heretofore made, be not presented within the time limited in the notice, it is barred forever, except as follows: If it be not then due, or if it be contingent, it may be presented within one month after it becomes due or absolute; if it be made to appear by the affidavit of the claimant, to the satisfaction of the executor or administrator and the judge of the county court, that the claimant had no notice as provided in this article, by reason of being out of the State, it may be presented at any time before a decree of distribution is entered; a claim for a deficiency remaining unpaid after a sale of property of the estate mortgaged or pledged must be presented within one month after such deficiency is ascertained. All claims arising upon contracts hereafter made, whether the same be due, not due or contingent, must be presented within the time limited in the notice; and any claim not so presented is barred forever: Provided, However, that when it is made to appear by the affidavit of the claimant, as above provided, that he had no notice by reason of being out of the State, it may be presented as therein provided: Provided, Further, that nothing in this section, nor in this Chapter contained, shall be construed to prohibit the right or limit the time of foreclosure of mortgages upon real property of decedents, but every such mortgage may be foreclosed within the time and in the mode prescribed in civil procedure, except that no balance of the debt secured by such mortgage remaining unpaid after foreclosure shall be a claim against the estate, unless such debt was presented as required by this code."

tion. The cited case appears to be the only one of the Oklahoma Supreme Court wherein the question here involved has been mentioned.

The defendants rely upon three decisions from the Supreme Court of Oklahoma to sustain their contention. Each of the cases cited involve chattel mortgages. None of them involve pledges. It has been held by the Supreme Court of Oklahoma, that it is not necessary for the holder of a chattel mortgage to file a claim with the administrator of the deceased mortgagor in order to enforce the mortgage lien. The questions presented in the cited cases involve a construction of the statute under consideration in the instant case. See Wichita Mill & Elevator Company v. Farmers' State Bank, 102 Okl. 83, 226 P. 870, 871; Dawkins v. People's Bank & Trust Company, 117 Okl. 181, 245 P. 594; Costal Sales Corporation v. Hood, 147 Okl. 66, 295 P. 391. It should be noted that the latest decision of the Oklahoma Supreme Court, the last-cited case, was decided in 1930.

The Supreme Court of Oklahoma, prior to 1932, in construing the statute under consideration, with respect to the necessity of filing claims one month after a contingent claim became due and absolute, had held that the first part of the cited statutes controlled rather than the latter part thereof. In other words, it had been judicially determined that the statute relative to such claims should be presented within one month after a deficiency was ascertained. Such a construction was announced in the cases of O'Neill v. Lauderdale, 80 Okl. 170, 195 P. 121; Wright v. Farmers' National Bank, 116 Okl. 74, 243 P. 512. The construction adopted in the cases cited above was overruled by the Supreme Court of Oklahoma in a decision rendered in July of 1932, Fluke v. Douglas, 158 Okl. 300, 13 P.2d 210. Those cases were expressly overruled, and Fluke v. Douglas, supra, was followed in a supplemental opinion on rehearing, in March of 1936. See Timmons, Ex'x, v. Hanna Construction Company, 176 Okl. 180, 55 P.2d 110. In Fluke v. Douglas, supra, the Supreme Court of Oklahoma pointed out that reliance was placed upon the statute referred to herein, as authority for presenting a claim for a deficiency judgment unpaid after a sale of property of the estate mortgaged or pledged, within one month after such deficiency is ascertained, and held that the

part of the section relied upon applied only to claims arising upon a contract made before the enactment of that section, the latter part of which provides: "All claims arising upon contracts hereafter made, whether the same be due, not due or contingent, must be presented within the time limited in the notice; and any claim not so presented is barred forever." 58 Okl.St. Ann. § 333.

The cited case held that, the petition showing upon its face that the contract sued upon was made after the enactment of the statute, and failing to allege presentation of the claim to the administrator, there was no basis for finding the order relative to a deficiency judgment against the estate. It is clear that the Oklahoma Supreme Court has considered the statute in question as being divisible with respect to the time when contracts were made, and has held that upon contracts made prior to the enactment of the statute that such claims may be presented within one month after claims, either contingent or not yet due, became due or absolute. Special provision was made for the filing of a claim for a deficiency remaining unpaid after a sale of property of the estate mortgaged or pledged. The latter portion of the section does not contain a provision for the filing of claims for a deficiency remaining unpaid after a sale of property of the estate mortgaged or pledged. Both the first portion of the section, as well as the latter part thereof, make express provision with respect to the filing of claims upon foreclosure of real estate mortgages, and expressly provide that the statute shall not prohibit the right or limit the time of foreclosure of mortgages upon the real property of decedents. The language clearly states that a mortgage upon real estate of a decedent may be foreclosed at any time; the import of such language is that it is unnecessary to file a claim with an executor or an administrator upon a note secured by a real estate mortgage, if the mortgagee shall look only to the mortgaged property for payment. The Supreme Court of Oklahoma has construed the statute as providing for the filing of a claim upon such mortgage indebtedness within the time fixed in the notice to creditors of the deceased, if a claim upon the deficiency arising after the sale of the real estate is to be prosecuted. It is noteworthy that the latter part of the statute, which is effective with respect to the claim here involved, expressly provides for mortgages

upon real estate, but makes no provision whatever for chattel mortgages or pledges. The first part of the statute contemplates the filing of claims for a deficiency remaining unpaid after a sale of property of the estate mortgaged or pledged. No such provision is contained in the latter portion of the statute. That portion of the statute which governs the instant case provides: "All claims arising upon contracts hereafter made, whether the same be due, not due or contingent, must be presented within the time limited in the notice; and any claim not so presented is barred forever." 58 Okl.St.Ann. § 333. The above is followed by a provision creating an exception in favor of a person who had no notice by reason of being out of the state, and the exception providing that the statute does not prohibit the right or limit the time of foreclosure of mortgages upon real estate of decedents. Undoubtedly, the Supreme Court of Oklahoma will refuse to follow, in the future, the rule announced by it in the cases of Dawkins v. People's Bank & Trust Company, supra; Costal Sales Corporation v. Hood, supra, and Wichita Mill & Elevator Company v. Farmers' State Bank, supra, with respect to chattel mortgages, just as they overruled the cases of O'Neill v. Lauderdale, supra, and Wright v. Farmers' National Bank, supra. The cases involving chattel mortgages were decided prior to those decisions of the Supreme Court, to wit, Fluke v. Douglas, supra, and Timmons v. Hanna Construction Company, supra, wherein the above statute was construed as containing two separate portions. Accepting such as a construction by the Supreme Court of Oklahoma, it is my opinion that the statute includes all claims arising upon contracts, and no exception can be gleaned from the wording of the statute permitting enforcement of claims against specific property pledged or mortgaged, except real estate. The pledge is merely security for the debt, and if the debt is extinguished, the pledge must fail. As it was incumbent, under the statute, upon the defendant Woofter to present a claim to the administratrix, and not having done so, he is unable to maintain this action to enforce the pledge. In Fluke v. Douglas, supra, the Oklahoma Supreme Court held that a petition or complaint in an action on a claim must allege presentation in order to state a cause of action. As there is no such allegation in the cross-petition of the defendant Woofter, and as the statute required such presentation, the motion for judgment on the pleadings should be sustained.

Defendant Woofter has cited cases from other jurisdictions in support of his contention. See First Nat. Bank v. Merchants' Fire Insurance Co., 40 Idaho 251, 232 P. 903; Andrews v. Morse, 51 Kan. 30, 32 P. 640; Linn County Bank v. Grisham, 105 Kan. 460, 185 P. 54; Citizens' Bank v. Moore, 134 Ark. 554, 204 S.W. 619; Hornish v. McConnell, 191 Iowa 308, 182 N.W. 406. It is not pointed out that any of the cited cases contain a statutory provision identical to that of Oklahoma. The construction placed upon a similar statute by other jurisdictions is entitled to consideration, but the construction placed upon the Oklahoma statute by the Supreme Court of this state is controlling. It is my opinion that, while the precise question has not been passed upon by the Supreme Court of Oklahoma, and a construction of the statute made thereon, still such a construction has been made of the statute involved as to clearly point out that the statute is divisible in its terms and meaning; that claims filed as of the date of the claim here involved are governed by the latter portion of the statute, and that portion clearly provides for the presenting of claims arising upon contracts, making only two exceptions, which have been noted above. The cross-petition is predicated upon a note, which is a contract, secured by a pledge of an insurance policy. The statute was not complied with respect to the filing of claim, and by virtue of section 341, referred to above, the cross-petitioner Woofter cannot maintain this action.

Judgment may be rendered on the pleadings as against the defendant Woofter in favor of plaintiff.