## WOOFTER et al. v. FOURTH NAT. BANK OF TULSA et al.

No. 27892.    April 5, 1938.

Rehearing Denied April 26, 1938.

Phil W. Davis, Jr., for plaintiffs in error.

John R. Miller, L. O. Lytle, and Roy T. Wildman (Rex N. Anspaugh, on the brief), for defendants in error.

PER CURIAM. This is an appeal from a judgment of the district court of Tulsa county which sustained separate demurrers interposed by the defendants in error Edna Spruill, administratrix of the estate of Amo R. Cunningham, deceased, and May J. Spruill to amended petition of the plaintiffs in error, I. S. Woofter and Bessie Woofter, and dismissed said petition. The plaintiffs in error were plaintiffs below and defendants in error were defendants below, and we will hereafter refer to them as plaintiffs and defendants, as they appeared in the trial court, unless a more explicit designation is necessary.

The action was brought for the purpose of impressing the proceeds of a certain life insurance policy and of a benefit certificate with an equitable lien and to foreclose an alleged pledge of said policy and certificate. The plaintiffs in their amended petition alleged, in substance, that Amo R. Cunningham, in her lifetime, had borrowed of them the sum of $800 evidenced by her promissory note, and that as collateral security for said loan had pledged to them certain policies of insurance and a benefit certificate upon her life; that she had subsequently departed this life intestate leaving said obligation wholly unpaid; that due proof of death had been made to the insurers and that they stood ready to pay the amounts due under the insurance policy and the benefit certificate, here involved, to the parties whom the courts might decree to be entitled thereto; that Edna Spruill, as administratrix of the estate of Amo R. Cunningham, deceased, was claiming the proceeds due and payable under the life insurance policy, and May J. Spruill was claiming the proceeds due and payable under the benefit certificate; that the plaintiffs were entitled to have the proceeds from both the insurance policy and the benefit certificate impressed with an equitable lien and applied to the discharge of the indebtedness which they had been pledged to secure. Copies of the insurance policy and benefit certificate which allegedly had been pledged to the plaintiffs were attached as exhibits to the petition. The insurance policy was a limited payment life policy wherein the estate of the insured was named as beneficiary, and the benefit certificate was issued by a fraternal insurance society, and May J. Spruill, the half-sister of the insured, was designated as beneficiary in said certificate. The insurance company and the fraternal association each filed answers in the nature of bills of interpleader, and the fraternal association further pleaded that the certificate which it had issued was of such character that the proceeds thereof could neither be assigned nor pledged by

the insured. The defendants filed separate demurrers to the amended petition of the plaintiffs. The demurrer of Edna Spruill, administratrix of the estate of Amo R. Cunningham, deceased, attacked the petition for the reason that it failed to allege facts sufficient to authorize judgment against the estate of her decedent. The demurrer of May J. Spruill attacked the petition for the reason that it failed to allege facts sufficient to constitute a cause of action against her. The questions here presented for determination are as follows:

First, was it necessary for plaintiffs to file a claim against the estate of Amo R. Cunningham, deceased, in order to maintain their actions? And, second, were the proceeds of the insurance policy and the beneficiary certificate or either of them of such character as could be pledged, and therefore impressed with an equitable lien?

The plaintiffs, by their amended petition, were not seeking payment from or out of the general assets of the estate of Amo R. Cunningham, deceased, but were seeking to foreclose liens against certain property which they alleged had been pledged to them as security for their debt. As pointed out in Jones on Collateral Securities (3d Ed.) par. 598.

"A pledgee is not obliged to present his claim to the administrator of the pledgor, unless he seeks recourse against other property of the estate than that pledged."

The right of a secured creditor to enforce his security without the necessity of filing a claim with the administrator of his deceased debtor has been definitely upheld by this court in the cases of Costal Sales Corp. v. Hood, 147 Okla. 66, 295 P. 391; Dawkins v. People's Bank & Trust Co., 117 Okla. 181, 245 P. 594, and Wichita Mill & Elevator Co. v. Farmers' State Bank, 102 Okla. 83, 226 P. 870; and the defendants admit the effect of these decisions, but seek to escape them on the theory that said cases did not properly consider the effect of section 1233, O. S. 1931, and urge that the cases of Fluke v. Douglas, 158 Okla. 300, 13 P.2d 210, Timmons v. Hanna Construction Co., 176 Okla. 180, 55 P.2d 110, and Bilby v. Hart-Parr Co., 102 Okla. 53, 226 P. 360, are controlling here. We are unable to agree with this contention. The provisions of section 1233, O. S. 1931, have application only to those situations where a claim is asserted against the general assets of an estate, and the cases cited involve such situations, and are, therefore, inapplicable under the facts here presented. We are of the opinion that the plaintiffs were not required to file a claim against the estate of Amo R. Cunningham, deceased, as a prerequisite to the maintenance of this action.

Plaintiffs alleged that the policy of insurance and the benefit certificate had been delivered to the Fourth National Bank of Tulsa, Okla., under conditions constituting a pledge of said instruments and the proceeds thereof. There remains to be considered whether this property was of such character as could be pledged. It appears that a life insurance policy may be effectually pledged by delivery with or without a written assignment. Jones on Collateral Securities (3rd Ed.) par. 145; Bliss on Insurance, par. 325; Ang. on Insurance, par. 327; City National Bank v. Lewis, 73 Okla. 329, 176 P. 237. The policy of insurance here involved provided for assignment under certain conditions and was made payable to the estate of the insured and came within the general rule above announced, and therefore was a proper subject of a pledge.

While the proceeds of a beneficiary certificate may not be pledged in those cases where the rules and by-laws of the issuing association provide otherwise (Jones on Collateral Securities [3rd Ed.] par. 146-b), neither the allegations of the amended petition nor the copy of the certificate attached thereto disclosed such a situation. The objection which the defendant May J. Spruill sought to raise by her demurrer was one which could only properly be raised by answer. Under these circumstances, it was error to sustain the demurrer. In view of the conclusions reached, we deem it unnecessary to discuss the contentions of the parties further. The cause is reversed and remanded to the district court of Tulsa county, with directions to overrule the several demurrers of the respective defendants and to take such further action and allow such further proceedings therein as may be necessary and proper, consistent with the views herein expressed.

Reversed and remanded, with directions.

BAYLESS, V. C. J., and RILEY, PHELPS, GIBSON, and DAVISON, JJ., concur.